JOHN J. SNEE et al., Plaintiffs, *v.* MORRIS GOLDMAN et al., Defendants.

Municipal Court of the City of New York, Borough of Manhattan, November 3, 1947.

*Benenson & Israelson* for plaintiffs.

*Marks & Marks* for defendants.

CARNEY, J.  This action was brought by the four plaintiffs to recover $1,000 each pursuant to the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) for wages for additional compensation, etc., as employees of premises, 14–16 West 17th Street, New York City.  The moving defendants formerly owned the premises but sold them on August 28, 1945, and after that date had no further connection with the premises. The defendants' motion is to dismiss the plaintiffs' action on the ground that it is barred by the applicable Statute of Limitations.

It is, I believe, settled that prior to May 14, 1947, actions brought under the Fair Labor Standards Act of 1938 were governed by the six-year Statute of Limitations of New York State (*Overnight Motor Transp. Co.* v. *Missel,* 316 U. S. 572; *Drenne* v. *Mutual Life Ins. Co.,* 42 N. Y. S. 2d 259; *Corcoran* v. *Nelson Towers Realty Corp.,* 42 N. Y. S. 2d 265).

On May 14, 1947, the Portal-to-Portal Act of 1947 (U. S. Code, tit. 29, § 251 *et seq.*), which amended the Fair Labor Standards Act of 1938, was approved.  The Portal-to-Portal Act sets up a new Statute of Limitations for actions commenced after its passage.  (Act, § 6; U. S. Code, tit. 29, § 255.)  This section reads as follows:

" *Statute of Limitations.*— Any action commenced on or after the date of the enactment of this Act [May 14, 1947] to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act —

" (a) if the cause of action accrues on or after the date of the enactment of this Act [May 14, 1947] — may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;

" (b) if the cause of action accrued prior to the date of the enactment of this Act [May 14, 1947] — may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

" (c) if the cause of action accrued prior to the date of the enactment of this Act [May 14, 1947], the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after the date of the enactment of this Act [May 14, 1947] unless at the time commenced it is barred by an applicable State statute of limitations."

In section 7 of the act (U. S. Code, tit. 29, § 256).it is provided that an action shall be deemed commenced when the complaint is filed.

" *Determination of Commencement of Future Actions.*— In determining when an action is commenced for the purposes of section 6 [of this title], an action commenced on or after the date of the enactment of this Act [May 14, 1947] under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act, it shall be considered to be commenced on the date when the complaint is filed; except that in the case of a collective or class action instituted under the Fair Labor Standards Act of 1938, as amended, or the Bacon-Davis Act, it shall be considered to be commenced in the case of any individual claimant —

" (a) on the date when the complaint is filed, if he is specifically named as a party plaintiff in the complaint and his written consent to become a party plaintiff is filed on such date in the court in which the action is brought; or

" (b) if such written consent was not so filed or if his name did not so appear — on the subsequent date on which such written consent is filed in the court in which the action was commenced."

Under section 18 of the Municipal Court Code of the City of New York (L. 1915, ch. 279) it is provided: " § 18. *Commencement of action.* An action must be commenced by the service of summons or by the voluntary joinder of issue by the parties; but for the purpose of saving a cause of action from the operation of the statute of limitations an attempt to commence an action is equivalent to the commencement thereof when the summons is issued by the clerk, provided that the actual service thereof is made with due diligence."

Under the above-quoted Statute of Limitations contained in the Portal-to-Portal Act, the plaintiffs here had 120 days from May 14, 1947, within which to commence their actions in accordance with the act, or until September 11, 1947. On September 11, 1947, the plaintiffs had a summons issued against defendants by the Clerk of the Fourth District Municipal Court under section 18 of the Municipal Court Code. This summons contained an indorsement thereon as to plaintiffs' cause of action, and also the name and address of the present attorney for plaintiffs. The clerk, before issuing the summons, put the inscription thereon, " Issued this 11th day of September, 1947 ", and signed his name. Before issuing the summons, the clerk was required and did in fact give the summons an index number, made notations in the proper book of the fact that the summons had been issued, and collected a filing fee from plaintiffs.

The defendants in this motion contend that the action should be dismissed as to them on the ground that the action was not commenced on time, in accordance with the above-quoted sections of the Portal-to-Portal Act of 1947; that compliance with section 18 of the Municipal Court Code is not a filing of the complaint contemplated by section 7 of the Portal-to-Portal Act of 1947, and that in any event section 18 of the Municipal Court Code was not complied with since the summons issued contained an attorney's name and address, whereas the form of summons usually issued by the clerk of court does not.

The last argument as to the form of summons is in my opinion untenable. Even if defendants were correct in assuming that such a summons should not contain an attorney's name, etc., it constitutes mere harmless surplusage. There is no such provision, however, that has been brought to my attention.

The claim of defendants that mere compliance with section 18 of the Municipal Court Code does not constitute a commencement of an action as contemplated by the Portal-to-Portal Act is the only real question involved herein. The Fair Labor Standards Act, of course, was passed in part to rectify labor conditions which were detrimental to the maintenance of minimum, standards of living necessary for health, efficiency and general well-being of workers. (Act, § 2; U. S. Code, tit. 29, § 202.) The Portal-to-Portal Act of 1947 (Act, § 1; U. S. Code, tit. 29, § 251) apparently was passed to relieve employers and others liable under the Fair Labor Standards Act from some of the burdens cast upon them as a result of court decisions and interpretations of the Fair Labor Standards Act, which extended its application beyond the scope Congress originally intended. It is true that where a Federal statute creates a right of action, it can also provide that it may be prosecuted only in certain courts, and in a certain way. An action under the Fair Labor Standards Act may be maintained in our State courts as well as in the Federal courts. An action in the Federal courts is commenced by the filing of a complaint. (Federal Rules of Civil Procedure, rule 3; U. S. Code [1940 ed.], tit. 28, p. 2611.) The Portal-to-Portal Act contains substantially the same language as the Federal rule, but it was not the intention of Congress, in my opinion, to deprive litigants of their rights to go into the State courts to try their action. The defendants contend that under the Portal-to-Portal Act, before an action may be considered to have been commenced, a complaint must be physically filed with the court. If that is true, then it leads to some peculiar situations. In the Federal court it is true that an action is commenced by the filing of a complaint. This is not the procedure in the New York State Supreme, City or Municipal Courts. In the Supreme and City Courts, except where the plaintiff is attempting to toll the Statute of Limitations by giving the summons and complaint to a sheriff, the first paper that is filed is the note of issue, and this is done after service of the summons and complaint and defendant's answer. In the Municipal Court the summons normally is filed after service on the defendant. Hence under defendants' interpretation a plaintiff in the City and Supreme Courts could have served his summons and complaint, received an answer, filed a note of issue, all within the 120 days provided by the Portal-to-Portal Act, and be patiently waiting for his case to be reached on the calendar and then find to his amazement that he actually had not com-

menced an action at all and was barred by the Statute of Limitations. In the same way, in a Municipal Court action, a plaintiff who actually served the defendant with a summons and complaint on the 120th day after May 14, 1947, and then several days later, in accordance with the Municipal Court Code, filed his summons with proof of service with the clerk of the court, would be barred by the Statute of Limitations because his summons was not actually filed within the 120 days. I do not believe that Congress intended such a result. I believe that Congress inserted the provision as to filing the complaint, not for the purpose of making it more difficult for litigants to commence an action, but for the purpose of expressly indicating that the statute could be tolled by taking the appropriate steps to do so, and that the defendant need not actually be served with the summons within the 120 day period. Certainly, the provision should be given a broad construction to protect workers and not a narrow and supertechnical one which would deprive thousands of plaintiffs, who have commenced their actions just as these plaintiffs have, of their day in court.

These plaintiffs brought their summons in to the clerk of the court within the 120 days' time limitation. Their summons contained their complaint against the defendants and was presented to the clerk. The clerk indorsed on the summons the fact that he was issuing a summons against defendants, gave the summons an index number, made a notation in the docket to the effect that the summons was issued, and collected a filing fee from the plaintiffs. That in my opinion is a substantial compliance with the provision of the Portal-to-Portal Act, which says that an action be deemed commenced when the complaint is filed. To hold that the statute was not tolled and that the action was not commenced, merely because the summons with the complaint indorsed thereon was not at that time physically filed with the clerk of the court is too narrow a construction of the statute, and would tend to defeat justice.

The motion is denied.