FRANCES SEMAR, as Administratrix of the Estate of THEODORE SEMAR, Deceased, Plaintiff, *v.* GREAT EASTERN FUEL Co., INC., Defendant.

Supreme Court, Special Term, Kings County, February 11, 1948.

*Michael Wm. LaPenna* for plaintiff.

*Hartman, Sheridan, Tekulsky & Donoghue* for defendant.

STEINBRINK, J. Motion to dismiss complaint on the ground that the action is barred by the Statute of Limitations. Plaintiff sues for overtime compensation and liquidated damages under the Fair Labor Standards Act of 1938, as amended (U. S. Code, tit. 29, § 201 *et seq.*). The summons was delivered to the sheriff for personal service upon the defendant within the time for

the commencement of such an action as fixed in the Portal-to-Portal Act of 1947 (U. S. Code, tit. 29, § 251 et seq.) which amended the Fair Labor Standards Act. The complaint, however, was not filed within the period as thus limited.

Defendant invokes the Statute of Limitations in reliance upon a provision in the Portal-to-Portal Act (§ 7) to the effect that an action is deemed commenced " on the date when the complaint is filed ". That provision, in my view, applies only to actions brought in the Federal courts. The propriety of this observation becomes apparent when it is considered that rule 3 of the Federal Rules of Civil Procedure also provides that an action (presumably in the Federal courts) is commenced by the filing of a complaint. In contrast to this Federal rule of practice, sections 16 and 17 of the New York Civil Practice Act respectively state that an action is begun when the summons is served on the defendant and that an attempt to commence the action by delivery of the summons to the sheriff is equivalent to the commencement thereof.

The seeming conflict between the Federal and State practice, as above noted, lends itself to ready solution under the well-settled principle that matters respecting the remedy, such as statutes of limitation, are governed by the law of the place where the action is brought (*Scudder* v. *Union National Bank,* 91 U. S. 406; *Pritchard* v. *Norton,* 106 U. S. 124; *Miller* v. *Brenham,* 68 N. Y. 83, 87). Since actions under the Fair Labor Standards Act may be maintained in the State courts as well as in the Federal courts, the issue here posed must be resolved in accordance with the law of the forum. Consistent with the foregoing, I reach the conclusion that the delivery of the summons to the sheriff, as heretofore related, was tantamount to the commencement of an action within the time specified in the Portal-to-Portal Act. (See *Snee* v. *Goldman,* 192 Misc. 440.)

Motion is, accordingly, denied. Settle order on notice.