Thomas J. O'Neill, on Behalf of Himself and All Other Employees of New York Board of Fire Underwriters Similarly Situated, Plaintiff, *v.* New York Board of Fire Underwriters, Defendant.

Supreme Court, Special Term, New York County, April 27, 1948.

*Benjamin D. Fernbach* for plaintiff.

*Powers, Kaplan & Berger* for defendant.

Miller, J. Plaintiffs " concede that the fixing of a uniform Statute of Limitations is within the powers of Congress " in connection with actions brought under the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, § 201 *et seq.*) as subsequently amended by the Portal-to-Portal Act of 1947 (U. S. Code, tit. 29, § 251 *et seq.*). They contend, however, that the provision of section 7 of the Portal-to-Portal Act that an action is deemed commenced when the complaint is filed and not otherwise is not binding upon the courts of this State, since matters of civil procedure are beyond the power or reach of Congress. With this contention this court cannot agree. Congress in creating new rights and remedies may qualify them by fixing a time within which steps must be taken to enforce or avail one's self of such rights or remedies. Just as Congress can provide a definite period, no matter how short, within which actions have to be commenced under the above-referred to statutes, *by the service of a summons,* it can attain a similar result by providing that an action under said statutes will not lie unless the complaint is filed within a prescribed period. That is really all that section 7 does. Congress has merely limited the rights and remedies which it itself created to those who file their complaints in actions instituted under the aforesaid statutes within a pre-

scribed time. The court is unable to follow the decision in *Semar* v. *Great Eastern Fuel Co.* (191 Misc. 552) relied upon by plaintiffs.

The motion to strike out the second and third defenses is denied.