WILLIAM SAUERZOPF, Plaintiff, *v.* NORTH AMERICAN CEMENT CORPORATION, Defendant.

Supreme Court, Special Term, Greene County, December 2, 1948.

*Bertrand L. Kohlman* for defendant.

*James H. Hyer* and *John J. Scully* for plaintiff.

BOOKSTEIN, J.  This action was commenced within the meaning of section 218 of the Civil Practice Act by the service of a summons on August 1, 1947.

No complaint has ever been filed in the Greene County Clerk's Office.

Under the Civil Practice Act, in an action such as this, the filing of a complaint is not required for any purpose, prior to the entry of judgment.  Only the service of a naked summons is required to commence an action.  (Civ. Prac. Act, § 218.)

So far as the requirements of the Civil Practice Act are concerned, the running of the State Statute of Limitations, as to any portion of the causes of action accruing on and after August 1, 1941, was stopped by the service of the summons on August 1, 1947, since section 16 of the Civil Practice Act provides as follows: " An action is commenced against a defendant, *within the meaning of any provisions of this act which limits the time for commencing an action,* when the summons is served on him or on a co-defendant who is a joint contractor or otherwise united in interest with him." (Emphasis supplied.)

The complaint which was served on defendant on June 22, 1948, and not filed, sets forth two causes of action to recover unpaid overtime compensation and an additional equal amount as liquidated damages pursuant to section 7 and subdivision (b) of section 16 of the Fair Labor Standards Act of 1938 (U. S. Code, tit. 29, §§ 207, 216, subd. [b]).

The defendant moves, pursuant to rule 107 of the Rules of Civil Practice, for a judgment dismissing both causes of action upon the ground that they did not accrue within the time limited by law; and in any event for a judgment dismissing so much of the alleged causes of action as set forth claims for unpaid overtime compensation accrued prior to August 1, 1941, upon the ground that so much of the alleged causes of action did not accrue within the time limited by law for commencement of an action thereon.

The motion directed to the causes of action in their entirety is based on the provisions of the Portal-to-Portal Act of 1947 (U. S. Code, tit. 29, §§ 255, 256); the motion directed to that portion of the two causes of action which accrued prior to August 1, 1941, is based on the six-year limitation contained in section 48 of the Civil Practice Act and as to that portion of defendant's motion, plaintiff concedes that defendant is entitled to the relief sought.

Thus there is left for consideration only the question of whether both causes of action are barred in their entirety by the provisions of the Portal-to-Portal Act.

The Fair Labor Standards Act permitted actions of this nature to be instituted in either the State or Federal courts but outlined no procedural steps and contained no separate Statute of Limitations.

Accordingly, prior to the enactment of the Portal-to-Portal Act, such an action as this could be instituted by the service of a naked summons, without the filing of a complaint, and the only time limitation on such an action, brought in the courts of this State, was the six-year limitation found in section 48 of the Civil Practice Act.

The query is whether or not the Portal-to-Portal Act, effective May 14, 1947, has altered the situation, so as to bar these actions in their entirety, by the limitation of time provided in section 6 thereof (U. S. Code, tit. 29, § 255), which, so far as pertinent, reads as follows:

" Any action commenced on or after the date of the enactment of this Act [May 14, 1947] to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor Standards Act of 1938, as amended, * * *

"(b) if the cause of action accrued prior to the date of the enactment of this Act — may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c), every such action shall be forever barred unless commenced within the shorter of such two periods;

"(c) if the cause of action accrued prior to the date of the enactment of this Act, the action shall not be barred by paragraph (b) if it is commenced within one hundred and twenty days after the date of the enactment of this Act unless at the time commenced it is barred by an applicable State statute of limitations."

Section 7 of the Portal-to-Portal Act (U. S. Code, tit. 29, § 256) provides in part as follows: "In determining when an action is commenced for the purposes of section 6 [§ 255 of this title], an action commenced on or after the date of the enactment of this Act [May 14, 1947] under the Fair Labor Standards Act of 1938, as amended, * * * shall be considered to be commenced on the date when the complaint is filed * * *."

The plaintiff here claims unpaid overtime compensation for a period ending on April 25, 1944. His cause of action accrued prior to the enactment of the Portal-to-Portal Act of May 14, 1947. He did not commence his suit within two years after the cause of action accrued, since the earliest legal step of any kind taken by him was on August 1, 1947, when the summons herein was served. Therefore, if the Portal-to-Portal Act applies, this action is clearly barred under subdivision (b) of section 6 of the Portal-to-Portal Act, unless saved by the exception contained in subdivision (c) of section 6 thereof.

In order to come within said subdivision (c) of section 6 the plaintiff would have had to commence his suit within 120 days after the enactment of the act, to wit, May 14, 1947. He served the summons within such 120-day period but did not file his complaint. The date of commencement of this type of action for the purpose of tolling the Statute of Limitations contained in the Portal-to-Portal Act, is fixed by said act as the date of the filing of the complaint, and under that act it was incumbent upon plaintiff to file his complaint on or before September 11, 1947, which he has not done.

The only issue thus presented is whether the plaintiff must comply with the explicit words of the Portal-to-Portal Act if the action is brought in the State courts; i.e., must his complaint be filed in order to commence his action within the period allowed by said act.

The law is well settled that where rights which did not exist at common law are created by a statute, a period of limitation for the enforcement of such rights contained in the same statute or in supplementary legislation is part of the substantive provisions of such act and not merely a matter of procedure. (*Engel* v. *Davenport,* 271 U. S. 33; *Atlantic Coast Line R. R.* v. *Burnette,* 239 U. S. 199; *Gatti Paper Stock Corp.* v. *Erie R. R. Co.,* 247 App. Div. 45, affd. 272 N. Y. 535.)

Since plaintiff's rights were created by the Fair Labor Standards Act, must his enforcement thereof be made within

the period and in the manner provided for in the Portal-to-Portal Act hereinbefore set forth?

In *Snee* v. *Goldman* (192 Misc. 440), the Municipal Court of the City of New York and in *Semar* v. *Great Eastern Fuel Co.* (191 Misc. 552) the Supreme Court in Kings County held that the filing of the complaint in the State courts was not required to stop the running of the Statute of Limitations contained in the Portal-to-Portal Act, if the action was commenced by the service of a summons within the period fixed thereby for commencing the action.

In the *Snee* case (*supra*) in the Municipal Court of the City of New York, a summary of the cause of action was indorsed upon the summons when issued by the clerk and hence it might well be argued that a sufficient complaint was filed in due season under the Portal-to-Portal Act and that hence the result arrived at was correct, even though the court's opinion indicated that it did not reach its conclusion on that basis but rather on the basis that the filing of a complaint in the State courts was not necessary, to stop the running of the Statute of Limitation contained in the Portal-to-Portal Act.

A contrary result was arrived at in *O'Neill* v. *New York Bd. of Fire Underwriters* (191 Misc. 485), the opinion therein reading as follows:

" Plaintiffs ' concede that the fixing of a uniform Statute of Limitations is within the powers of Congress ' in connection with actions brought under the Fair Labor Standards Act * * * as subsequently amended by the Portal-to-Portal Act of 1947 * * *. They contend, however, that the provision of section 7 of the Portal-to-Portal Act that an action is deemed commenced when the complaint is filed and not otherwise is not binding upon the courts of this state, since matters of civil procedure are beyond the power or reach of Congress. With this contention this court cannot agree. Congress in creating new rights and remedies may qualify them by fixing a time within which steps must be taken to enforce or avail one's self of such rights or remedies. Just as Congress can provide a definite period, no matter how short, within which actions have to be commenced under the above-referred to statutes, *by the service of a summons, it can attain a similar result by providing that an action under said statutes will not lie unless the complaint is filed within a prescribed period.* That is really all that section 7 does. Congress has merely limited the rights and remedies which it itself created to those who file their complaints in actions instituted under the aforesaid statutes within

a prescribed time. The court is unable to follow the decision in *Semar* v. *Great Eastern Fuel Co.* (191 Misc. 552) relied upon by plaintiffs.

" The motion to strike out the second and third defenses is denied." (Emphasis supplied.)

In the *O'Neill* case (*supra*) the court cited and disapproved *Semar* v. *Great Eastern Fuel Co.* (*supra*) in which case it was held that delivery of the summons to the sheriff pursuant to section 17 of the Civil Practice Act was sufficient to constitute commencement of an action within the time prescribed by section 6 of the Portal-to-Portal Act. In that case the defendant did not rely on the six-year New York State Statute of Limitations. Rather, he invoked the Statute of Limitations contained in the Portal-to-Portal Act and the court states that the action was commenced " within the time specified in the Portal-to-Portal Act." It is, therefore, obvious that the situation involved must have concerned the two-year Statute of Limitations set forth in subdivision (b) of section 6 of the Portal-to-Portal Act or the grace period provided for in subdivision (c) of section 6 thereof rather than the six-year State period. Accordingly, the court, in effect, upheld the applicability of section 6 to actions brought in the State courts. However, it held that the provisions of section 7 of that act did not apply to an action brought in ·the State courts since " matters respecting the remedy, such as statutes of limitation, are governed by the law of the place where the action is brought ".

Thus the court in that case recognized the validity of the element of the limitation of time fixed by the Portal-to-Portal Act but declined to give effect to a specific definition of what constitutes the commencement of an action within the meaning of that same act.

It seems clear that the provisions of section 7 of the Portal-to-Portal Act are to be read as if incorporated into section 6 thereof as indicated by the opening words of section 7 which read " In determining when an action is commenced for the purposes of section 6 ".

The report of the Conference Committee upon the Portal-to-Portal Act substantiates the contention that it was the intent of Congress to provide for a uniform period of limitation in connection with actions under the Fair Labor Standards Act whether pursued in the State or Federal courts. Thus, the conference report upon the Portal-to-Portal Act, Report No. 326, at page 13, states: " Under the House bill and the Senate amendment there was a statute of limitations on actions com-

menced on or after the date of the enactment of the bill to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages under the three Acts. Under the House bill the period was one year and under the Senate amendment two years.''

Section 6 of the bill as agreed to in conference (pp. 13–14) provides for a two-year Statute of Limitations (regardless of the period of limitation provided by any State statute) with respect to any action commenced on or after the date of the enactment of the bill to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the three acts if the cause of action accrues on or after the date of the. enactment of the bill. If the action is not commenced within two years after the cause of action accrued, it is to be forever barred. The conference report states further (p. 14):

'' If the cause of action accrued prior to the date of the enactment of the bill, action thereon may be commenced within two years after the cause of action accrued or, in the case of a State having a shorter statute of limitations, the period prescribed by the applicable State statute of limitations; but if such action is commenced within one hundred and twenty days after the date of enactment of the bill, the ·applicable State statute of limitations (whether longer or shorter than two years) will apply to such action. In other words, in such latter case, if a State statute of limitations, applicable to such cause of action, has run, no action on such claim may be commenced within such 120-day period. If the applicable State statute of limitations has not run, action may be so commenced within such 120 days, and may go back as far as permitted by the applicable State statute of limitations whether more or less than two years.  *  *  *

'' DETERMINATION OF COMMENCEMENT OF FUTURE ACTIONS.

'' *Section 7 of the bill as agreed to in conference provides a rule for determining when an action is commenced for the purposes of the statute of limitations provided in section 6. It lays down the general rule that, for such purposes, an action commenced on or after the date of enactment of the bill under the three Acts shall be considered to be commenced on the date when the complaint is filed. This is the same rule laid down in the Federal Rules of Civil Procedure.''* (Emphasis supplied.)

Obviously if the Congress had meant that the provisions of section 7 were only to apply in cases brought in the Federal courts, the inclusion of the provisions of section 7 would have

been surplusage since actions in the Federal courts may only be commenced by the filing of a complaint. (Federal Rules of Civil Procedure, rule 3.) The clear intent of Congress as shown by the conference report was to provide that the rule then in force in the Federal courts (that an action is commenced by the filing of a complaint) should be used to fix the date when such suits are commenced for Statute of Limitation purposes in all courts, whether State or Federal. Furthermore, the conference report clearly shows, as does the wording of the statute itself, that the provisions of section 7 are actually an integral part of section 6 and that the two together constitute a single Statute of Limitations to be applied in all actions brought under the Fair Labor Standards Act of 1938, as amended.

Consequently, the holding of the court in the *Semar* and *Snee* cases (*supra*) that the provisions of section 7 apply only in suits brought in Federal courts would seem to subvert the Congressional intention.

One having a cause of action under the Fair Labor Standards Act has the choice of bringing his action in the Federal or State courts. If he sues in the Federal court, he must comply with the Statute of Limitations contained in the Portal-to-Portal Act and to come within the period of limitations contained therein he must file his complaint within the period fixed. If he elects to sue in the State courts, he must do so within the time limits fixed by whichever is shorter of the limitation of time for commencing an action as fixed by the Portal-to-Portal Act or the State Statute of Limitations. To stop the running of the State Statute of Limitations, he must comply with section 16 of the Civil Practice Act by serving the summons before the expiration of the State Statute of Limitations; to stop the running of the Federal Statute of Limitations, he must comply with section 7 of the Portal-to-Portal Act, by filing his complaint within the period fixed thereby.

In other words in an action brought in the Federal courts, he need comply only with the requirements of the Portal-to-Portal Act and file his complaint, in order to stop the running of the Statute of Limitations. If he brings his action in the State courts, he must comply with both the requirements of the Portal-to-Portal Act and of the Civil Practice Act to stop the running of the Statutes of Limitation contained in both.

Since the causes of action involved herein are the creature of a statute enacted by the Congress, for one to avail himself thereof, he must comply with the limitations and conditions imposed by the Congress upon the right to bring the action and the time within which to do so.

Section 16 of the Civil Practice Act, provides the method for stopping the running of the State Statute of Limitations only. By instituting an action in the State courts, one cannot vitiate the manner provided by the Congress for stopping the running of the Statute of Limitations upon a cause of action created by the Congress.

In *Atlantic Coast Line R. R.* v. *Burnette* (239 U. S. 199, 201, *supra*) Mr. Justice HOLMES, speaking for the unanimous court, said: " In dealing with the enactments of a paramount authority, such as Congress is, within its sphere, over the States, we are not to be curious in nomenclature if Congress has made its will plain, nor to allow substantive rights to be impaired under the name of procedure. * * * But irrespective of the fact that the act of Congress is paramount, when a law that is relied on as a source of an obligation in tort sets a limit to the existence of what it creates, other jurisdictions naturally have been disinclined to press the obligation farther. * * * At all events the act of Congress creates the only obligation that has existed since its enactment in a case like this * * *. If it be available in a state court to found a right, *and the record shows a lapse of time after which the act says that no action shall be maintained, the action must fail in the courts of a state as in those of the United States.*" (Emphasis supplied.)

Both the plaintiff's causes of action were. for unpaid overtime compensation earned prior to April 25, 1944, and, therefore, his causes of action accrued more than two years prior to May 14, 1947. Accordingly, it was incumbent upon him to comply with subdivision (c) of section 6 of the Portal-to-Portal Act. This section read together with section 7 of the Portal-to-Portal Act provided that plaintiff had to file his complaint prior to September 11, 1947, or any cause of action under the Fair Labor Standards Act of 1938, as amended, which he might have had would be forever barred.

Since the plaintiff has failed to comply with the provisions of the Portal-to-Portal Act both of his causes of action are barred thereby and the complaint must be dismissed.

Submit order.