Jambs S. Brown, J.
In this action under the Fair Labor Standards Act, to recover overtime pay, defendant moves to preclude plaintiff for failure to serve a bill of particulars and plaintiff moves for an examination before trial. Plaintiff seeks to recover overtime for the period of his employment between 1947 and July, 1956. In his answers defendant alleges as a partial defense, that the cause of action which occurred more than two years prior to the commencement of this action is barred by the Statute of Limitations. The statute referred to (U. S. Code, tit. 29, § 255) is determinative of this point and reads as follows:
“Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages, under the Fair Labor *582 Standards Act of 1938, as amended, the Walsh-Healey Act, or the Bacon-Davis Act
“ (a) if the cause of action accrues on or after May 14, 1947 — may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued;
“ (b) if the cause of action accrued prior to May 14, 1947 — may be commenced within whichever of the following periods is the shorter: (1) two years after the cause of action accrued, or (2) the period prescribed by the applicable State statute of limitations; and, except as provided in paragraph (c) of this section, every such action shall be forever barred unless commenced within the shorter of such two periods;
“ (c) if the cause of action accrued prior to May 14, 1947, the action shall not be barred by paragraph (b) of this section if it is commenced within one hundred and twenty days after May 14, 1947 unless at the time commenced it is barred by an applicable State statute of limitations. ’ ’ (May 14, 1947, ch. 52, § 6, 61 U. S. Stat. 87.)
This statute gives plaintiff a cause of action only for the two-year period prior to the commencement of the action. To the same effect see Bartels v. Piel Bros. (74 F. Supp. 41) and O’Neill v. New York Bd. of Fire Underwriters (191 Misc. 485, appeal dismissed 276 App. Div. 1069). Defendant apparently relies upon section 256 of title 29 of the United States Code for the conclusion that an action is commenced on the date when the complaint is filed. Under Federal practice this is so but section 16 of the New York Civil Practice Act states that an action is begun when the summons is served on the defendant.. Since this action may be maintained in State courts as well as in the Federal courts, a matter respecting a remedy such as a Statute of Limitations, is governed by the law of the place where the action is brought (Semar v. Great Eastern Fuel Co., 191 Misc. 552). Accordingly, plaintiff has a cause of action only for the two-year period prior to the service of the summons.
Plaintiff does not list any specific items concerning which he wishes to examine defendant but states that the examination is sought for the purpose of preparing a bill of particulars and for use upon the trial. Defendant opposes the examination unless the bill of particulars which in part asks for exact dates, places and hours of employment is served first. Under the circumstances, the court is of the opinion that it would expedite matters to hold the examination first. Accordingly, the motion to preclude is denied. The motion for examination is granted. Plaintiff shall examine defendant by Henry Trefflich and Mrs. *583 Lentz concerning the dates, hours, places, wages and date of termination of employment. Defendant shall produce for use, pursuant to section 296 of the Civil Practice Act, the designated books and records. The examination and the books and records produced shall be limited to the period beginning two years prior to the date of service of the summons. Plaintiff shall serve a bill of particulars, covering the same period of time, within 20 days after the completion of the examination. Settle order on notice.