Bobby PRICE, Individually and as Father and Next Friend of Kevin Price, Plaintiff,

v.

Harvey YOUNG, Superintendent of the Russellville School District; Eldon Dopson, Mike Roys, Henry Underhill, Leonard Price, James Carter, and Robert A. Young, in the official capacity as members of the Russellville School District No. 14; and Shirley Dodd, in her official capacity as sponsor of the National Honor Society, Russellville High School, Defendants.

No. LR–C–81–858.

United States District Court, E.D. Arkansas, W.D.

June 8, 1983.

Tim D. Williams, Conway, Ark., for plaintiff.

G. Ross Smith, Little Rock, Ark., for defendants.

## ORDER

HENRY WOODS, District Judge.

■ Pending before the court is the defendants' motion for summary judgment. Additionally, plaintiff seeks to amend his complaint to add Marlene Price and Amy Price as party plaintiffs. The motion is denied with regard to Marlene Price (Kevin Price's mother) as the addition of her claims would unduly broaden the scope of the instant litigation and substantially impair defendants' ability to prepare for the trial (trial date of June 20, 1983—Motion to Amend filed May 31, 1983) all to the mate-

rial prejudice of the defendants. Discovery has long since been completed. As to the potential claim of Amy Price (Kevin Price's sister) the court will treat the complaint as amended to include her as a party for the purpose of ruling on the motion for summary judgment. Arguably this procedure defeats the defendants' claim of mootness since Amy Price is still a student in the Russellville School District. (It is unclear whether she is currently eligible to apply for the National Honor Society.)

As a result of the rejection of Kevin Price for inclusion in the National Honor Society, plaintiff (father of Kevin Price) filed his complaint asserting claims arising under 20 U.S.C. § 1232 and 42 U.S.C. § 1983. He alleges that the anonymous evaluation reports utilized by personnel of the Russellville School District in selecting membership in the National Honor Society (1) deny his children due process of law and equal protection, (2) violate the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232 and (3) are unconstitutionally vague.

The operative facts are not in dispute. Plaintiff's children attended and/or are attending schools in the Russellville School District and are subject to the rules regarding admission to the National Honor Society. Plaintiff's son Kevin Price was academically eligible for membership. Anonymous evaluations of National Honor Society applicants were submitted by teachers in the Russellville School District and as a result of these evaluations, Kevin Price was not admitted to membership in the National Honor Society. All applicants are subjected to the same procedure for membership in the National Honor Society, including the anonymous evaluation reports.

■ There is no private right of action under 20 U.S.C. § 1232. *Girardier v. Webster College*, 563 F.2d 1267, 1277 (8th Cir. 1977). Plaintiff's claim under this section must therefore be dismissed.

■ Membership in the National Honor Society does not give rise to a property interest which entitles one to due process of law. *See, e.g., Dallam v. Cumberland Valley School District*, 391 F.Supp. 358, 361 (M.D.Pa.1975). *See also, Arundar v. Dekalb City School District*, 620 F.2d 493 (5th Cir.1980). Plaintiff has asserted no infringed liberty interest. *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Hebert v. Ventetuolo*, 638 F.2d 5 (1st Cir.1981).

■ Plaintiff makes no allegation as to membership in a "suspect" classification and the alleged "right" to membership in the National Honor Society is not a fundamental right. Plaintiff's allegations do not support his claim of denial of equal protection. On the contrary, all students were subjected to the same selection process to the National Honor Society.

■ Plaintiff's allegations do not support any claim of constitutional infirmity due to vagueness. The procedure and rules applied to candidates for the National Honor Society were crystal clear and under no conceivable interpretation vague.

In light of the foregoing and in the absence of genuine issues of material fact, defendants are entitled to judgment as a matter of law dismissing plaintiff's complaint. Rule 56 Fed.R.Civ.P.