Mark TOMBRELLO, Plaintiff,

v.

USX CORPORATION, Defendant.

Civ. A. No. 90–G–1555–S.

United States District Court,
N.D. Alabama, S.D.

April 26, 1991.

Richard J. Stockham, III, Birmingham, Ala., for plaintiff.

Michael L. Lucas and William R. Corbett, Burr & Forman, Birmingham, Ala., Billy M. Tennant, USX Corp., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

This cause is brought under 29 U.S.C.A. § 206 *et seq.* of the Fair Labor Standards Act for failure to pay wages earned and for invasion of privacy. Pendent state claims are included.

Plaintiff Mark Tombrello is employed by defendant USX Corporation [hereinafter USX] as a maintenance utility employee at its Fairfield, Alabama, works. He has been an employee of USX for 13 years.

As part of its employee training program USX arranges to have classes taught at Bessemer State Technical College [hereinafter Bessemer Tech] for its Fairfield employees in an effort to improve their skills.

All expenses are paid by USX. Employees are asked to sign a "Consent to Release School Records" [hereinafter release or consent form] to verify attendance for subsequent payment to Bessemer Tech. More importantly, the releases indicate which employees are eligible to receive more advanced classes and which employees should repeat the basic class. They are further used as a tool for USX to determine which subsequent courses will be most beneficial to its employees. Classes are scheduled during working hours. Employees enrolled in classes report to class rather than to the work place. They are compensated at their normal pay for attending class.

Mr. Tombrello was scheduled to attend a 40–hour Basic Rexroth Hydraulics course the week of February 5, 1990, through February 9, 1991. He admits he wanted to attend the class and did attend class four of the five days.[1] He, along with three other employees, however, refused to sign releases distributed by the instructor the first night of class. At the time of distribution of the consent forms the instructor explained the releases authorized Bessemer Tech to release their grades to USX.

When Bessemer Tech would not relinquish grades without signed releases USX Fairfield management decided employees failing to sign releases would not be paid for that week's work. Dennis Funchess of the USX Employee Relations Department went to class the last day and offered the employees another opportunity to sign the releases. Two of the holdout employees went to the office of Al Craig of Bessemer Tech and signed the consent forms. The plaintiff and the other employee who had not signed the release went to Mr. Craig's office and met with Mr. Funchess. Plaintiff stated he was afraid the information would be used against him in arbitration. He did not change his position relative to signing the release after Mr. Funchess explained why the company needed the grades. He refused to sign the consent form subsequent to reading the February

---

1. The plaintiff missed the Thursday class because of sinus trouble. He claimed wages for all five days.

23, 1990, letter of Mr. B.C. Borman, Manager–Employee Relations USX, to Mr. E.B. Rich, Sub–District Director of United Steelworkers of America, by which Mr. Borman explained why the excuse was invalid.[2]

After meeting with Mr. Funchess and learning that he would not receive payment for attending the course until USX obtained his course records from Bessemer Tech, plaintiff made a nonrefundable down payment of $500.00 on an automobile.[3]

Plaintiff, a bargaining unit member represented by the United Steelworkers of America [hereinafter the Union], was covered by the 1987 Basic Labor Agreement [hereinafter the BLA] between the USS division of USX [hereinafter the Company] and the Union. The BLA includes mandatory grievance and arbitration procedures for the resolution of all disputes between the Union or its employees and the Company. Pertinent portions of the BLA read as follows:

## AGREEMENT

. . . . .

The Union having been designated the exclusive collective-bargaining representative of the employees of the Company . . ., the Company recognizes the Union as such exclusive representative. Accordingly, the Union makes this Agreement in its capacity as the exclusive collective-bargaining representative of such employees.

The provisions of this Agreement constitute the sole procedure for the processing and settlement of any claim by an employee or the Union of a violation by the Company of this Agreement. As the representative of the employees, the Union may process complaints and grievances through the complaint and grievance procedure, including arbitration, in accordance with this Agreement or adjust or settle the same.

## SECTION 1–PURPOSE AND INTENT

The purpose of the Company and the Union in entering into this labor Agreement is to set forth their agreement on rates of pay, hours of work, and other conditions of employment so as to promote orderly and peaceful relations with the employees. . . .

. . . . .

## SECTION 2.B–LOCAL WORKING CONDITIONS

1. It is recognized that an employee does not have the right to have a local working condition established, in any given situation or plant where such condition has not existed, during the term of this Agreement or to have an existing local working condition changed or eliminated, except to the extent necessary to require the application of a specific provision of this Agreement. (Emphasis added).

Pursuant to the grievance and arbitration provisions of the BLA plaintiff filed a grievance against the Company for withholding his wages for the week of class. Upon learning that all he could recover under the grievance procedure would be his wages, the plaintiff had the grievance set aside, claiming other losses: down payment on the automobile; and, worry over the situation.

On May 10, 1990, USX mailed Mr. Tombrello a check for sixty-five percent of his wages for the week, minus deductions. The remainder was paid by subsequent check. Plaintiff refused to accept either check even though a release was not included with either check and no representation was made that the checks were for settlement or full satisfaction of his losses.

Bessemer Tech has never released plaintiff's records to USX.

The plaintiff filed suit in this court on July 27, 1990. USX filed a motion for partial summary judgment on March 11, 1991, on counts two, three and four, state

---

**2.** Because Bessemer Tech does not certify competency in specific skills covered during training, discipline for incompetent performance could not be associated with the training.

**3.** Count two of the complaint claims the plaintiff lost his opportunity to acquire the automobile when he had to forfeit the down payment.

law claims. This court holds that the motion is due to be granted for the following reasons:

1) All three state law claims are preempted by Section 301 of the Labor Management Relations Act [hereinafter LMRA], 29 U.S.C.A. § 185 because the plaintiff has not attempted to exhaust the contractually mandated grievance and arbitration procedures set out in the BLA regarding these claims;[4]

2) Claims for wrongful refusal to pay and for work and labor, nothing more than claims for wages, must be brought under the Fair Labor Standards Act, 29 U.S.C.A. § 216 [hereinafter FLSA], the exclusive remedy for enforcing these rights; and,

3) Plaintiff cannot establish the elements of the tort of invasion of privacy because no invasion took place.[5]

■ The defendant is entitled to summary judgment on plaintiff's three state law claims. State law claims for violation of a collective bargaining agreement are preempted by Section 301 of the LMRA, 29 U.S.C.A. § 185(a). *E.g., United Steelworkers of America v. Rawson,* —— U.S. ——, 110 S.Ct. 1904, 109 L.Ed.2d 362 (1990) (State action for wrongful death was held not to be independent of collective bargaining agreement); *Teamsters v. Lucas Flour Co.,* 369 U.S. 95, 82 S.Ct. 571, 7 L.Ed.2d 593 (1961)) (Federal law applicable and controlling over incompatible principles of local law); *Clarke v. Laborers' Intern. Union of North America,* 916 F.2d 1539 (11th Cir.1990); *Darden v. United States Steel Corp.,* 830 F.2d 1116 (11th Cir.1987) (State law claims preempted by LMRA).

■ Counts two and three are claims to recover wages. Such claims are covered by the collective bargaining agreement and are preempted by Section 301 of the LMRA. *See Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976); *Darden*

*v. United States Steel Corp.,* 830 F.2d 1116, 1119 (11th Cir.1987) (quoting *Hines* ).

When reviewing an Alabama case before it the Supreme Court said: "As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 652, 85 S.Ct. 614, 616, 13 L.Ed.2d 580, 583 (1965). In the case at bar the plaintiff failed to utilize the mandatory grievance and arbitration procedures set in the BLA. *See United Paperworkers International Union v. Misco, Inc.,* 484 U.S. 29, 37, 108 S.Ct. 364, 370, 98 L.Ed.2d 286 (1987) (Where contract provides grievance and arbitration procedures those procedures must be exhausted); *Redmond v. Dresser Industries, Inc.,* 734 F.2d 633, 635 (11th Cir.1984) (Employee must use grievance and arbitration procedure established by union and employer in labor agreement prior to bringing suit in federal court); *Quinn v. Dixie Highway Express, Inc.,* 79 L.R.R.M. (BNA) 2894 (S.D.Ala.1972) ("Plaintiffs cannot maintain an action for recovery of back wages until they have attempted to exhaust the contractually established grievance and arbitration procedures with respect to this issue.").

For the above reasons the court holds the defendant is due summary judgment on counts two and three. The plaintiff failed to exhaust the BLA's grievance and arbitration procedure.

■ The court holds further that count four is preempted by federal law. Numerous courts have held that invasion of privacy claims, such as the claim brought under count four, are preempted by Section 301. *E.g., Stikes v. Chevron USA, Inc.,* 914 F.2d 1265, 1267–68 (9th Cir.1990) (LMRA preempts state law claims which are either founded on rights created by collective bargaining agreement or are "substantially de-

---

4. He is, therefore, precluded from bringing an action in the federal courts asserting them.

5. Plaintiff has no right to privacy under the Family Educational Rights and Privacy Act [hereinafter the FERPA], 20 U.S.C.A. § 1232g, on which he can base his claim.

pendent on analysis of collective bargaining agreement"); *Jackson v. Liquid Carbonic Corp.*, 863 F.2d 111 (1st Cir.1988), *cert. denied*, 490 U.S. 1107, 109 S.Ct. 3158, 104 L.Ed.2d 1021 (1989); *Kirby v. Allegheny Beverage Corp.*, 811 F.2d 253 (4th Cir. 1987) (Invasion of privacy claim covered by collective bargaining agreement preempted by federal labor law).

While Alabama recognizes an action for intrusion of one's solitude, *Phillips v. Smalley Maintenance Services, Inc.*, 435 So.2d 705 (Ala.1983), the court limited the tort by the adoption of the Restatement (Second) of Torts § 652B (1977), which states in pertinent part:

"One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person."

*Logan v. Sears, Roebuck & Co.*, 466 So.2d 121, 123 (Ala.1985).

The above language would mean the court would have to interpret the BLA to see if the defendant's request for school records would be highly offensive to the reasonable employee of USX. The court would further have to consider the long-standing practice of obtaining employee records from Bessemer Tech in light of the BLA which specifically states that an employee does not have the right "to have an existing local working condition changed or eliminated." Since plaintiff's claim for invasion of privacy would necessarily involve reference to and interpretation of the collective bargaining agreement, a comprehensive agreement covering all terms and conditions of employment, it is preempted by federal law.

■ Plaintiff has brought suit under the FLSA for work and labor done, nothing more than a claim for wages, and invasion of privacy. The FLSA creates statutory rights of an employee to be paid a minimum wage for work 29 U.S.C.A. § 206. Section 216(b), set forth in pertinent part, establishes the remedy for violations of the Fair Labor Standards Act:

Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages.

Courts have consistently held the above statute is the exclusive remedy for enforcing rights created under the FLSA. *Nettles v. Techplan Corp.*, 704 F.Supp. 95, 100 (D.S.C.1988); *Platt v. Burroughs Corp.*, 424 F.Supp. 1329, 1340 (E.D.Pa.1976); *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F.Supp. 1027, 1029 (N.D.Cal.1972).

As a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim. Defendant is entitled to summary judgment on the claims for work and labor done.

■ Plaintiff is unable to establish the elements of the tort of invasion of privacy. No intrusion took place. Mr. Tombrello refused to sign the release. Bessemer Tech refused to release his records to USX. See *Gretencord v. Ford Motor Co.*, 538 F.Supp. 331, 333 (D.Kan.1982) (Having thwarted the commission of the alleged tort, the plaintiff cannot sue for damages as a result of an act that did not occur); *Luedtke v. Nabors Alaska Drilling, Inc.*, 768 P.2d 1123, 1138 (Alaska 1989) (No cause of action arises where the intrusion is prevented from taking place). The plaintiff was not publicly humiliated.

■ Plaintiff's claim that he has a right to privacy under the Buckley/Pell Amendment of FERPA is unsound. The statute addresses the conditions under which an institution becomes ineligible for funds. It does not prohibit a request for or release of student records. It does not create a private right of action. See *Girardier v. Webster College*, 563 F.2d 1267, 1267–77 (8th Cir.1977); *Student Bar Ass'n. Bd. of Governors, of School of Law, University of North Carolina at Chapel Hill v. Byrd*, 293 N.C. 594, 239 S.E.2d 415

(1977) (Buckley Amendment does not forbid disclosure of information concerning a student); *Price v. Young,* 580 F.Supp. 1, 2 (E.D.Ark.1983).

Furthermore, the regulations authorize the release of records without prior consent for the following reasons:

1) Plaintiff's course records were necessary to determine whether plaintiff was eligible for financial aid for the advanced hydraulics course. 34 C.F.R. § 99.31(a)(4)(i)(A).

2) Course records were needed to determine the conditions of financial aid for future courses in the same program. 34 C.F.R. § 99.31(a)(4)(i)(C).

3) Enforcement of terms and conditions of financial aid applies to both the financial aid plaintiff had already received and any future financial aid.[6] 34 C.F.R. § 99.31(a)(4)(i)(D).

■ The court has previously discussed preemption of the plaintiff's claim for invasion of privacy.[7] State claims fail as well. For conduct to invade solitude or private affairs under Alabama law it must be egregious. *See McIssac v. WZEW–FM Corp.,* 495 So.2d 649 (Ala.1986) (Allegation that owner made personal advances and propositions to an employee was insufficient to state a cause of action for the tort of outrage or invasion of privacy); *Logan v. Sears, Roebuck & Co.,* 466 So.2d 121, 123 (Ala.1985) (The court held that an intrusion on privacy "must be such as would outrage a person of ordinary sensibilities or cause such a person mental suffering, shame, or humiliation."); *Phillips v. Smalley Maintenance Services, Inc.,* 435 So.2d 705 (Ala. 1983) (The court adopted the language of *Restatement (Second) of Torts,* § 652B (1977), as the law of the state).

The court holds that the defendant's conduct was not egregious. Moreover, it is the feeling of the court that USX was entitled to receipt of the plaintiff's grades. Mr. Tombrello was enrolled in class at Bes-

semer Tech as part of his employment. As such he was "on the job" while attending class. USX had the same right to know how he did in class as it does in knowing how each employee performs his job while on the premises of USX. Accordingly, for the above-stated reasons, USX is entitled to summary judgment on plaintiff's invasion of privacy claim.

■ As to plaintiff's claim for punitive damages, the court holds plaintiff did not allege in his complaint or establish that "the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff." Ala.Code § 6–11–20 (Supp.1990). A request for school records would not fall within the statute definition.

■ The court further holds that plaintiff is not entitled to punitive damages for withholding wages. It was the intent of Congress that specific liquidated damages[8] for wage claims would be awarded. *See* 29 U.S.C.A. § 216(b). There is no justifiable claim for punitive damages.

Defendant is entitled to summary judgment on counts two, three, and four. The court holds that these counts be dismissed.

---

**6.** Plaintiff was told on the first day of class he was to sign the form and why. Mr. Funchess told him again on the last day of class.

**7.** See pages 544–545. Federal law preempts the claim because it would involve interpretation of the collective bargaining agreement.

**8.** See page 545.