JULIE FREEMAN, APPELLEE AND CROSS-APPELLANT, V. CENTRAL STATES HEALTH AND LIFE COMPANY OF OMAHA, A NEBRASKA CORPORATION, APPELLANT AND CROSS-APPELLEE.
. JUNE SCHMIDT, APPELLEE AND CROSS-APPELLANT, V. CENTRAL STATES HEALTH AND LIFE COMPANY OF OMAHA, A NEBRASKA CORPORATION, APPELLANT AND CROSS-APPELLEE.

515 N.W.2d 131

Filed April 12, 1994. Nos. A-92-392, A-92-393.

Edward D. Hotz and Anne M. Breitkreutz, of Zweiback, Hotz & Lamberty, P.C., and Sandra L. Dougherty, of Lieben, Dahlk, Whitted, Houghton, Slowiaczek & Jahn, for appellant.

Roger K. Johnson, of Casey, Elworth & Johnson, and Edward F. Fogarty, of Fogarty, Lund & Gross, for appellees.

CONNOLLY, HANNON, and IRWIN, Judges.

CONNOLLY, Judge.
Central States Health and Life Company of Omaha (Central States) appeals the order of the Douglas County District Court which held that two former employees of Central States, Julie Freeman and June Schmidt, were entitled to compensation for overtime hours and attorney fees. Freeman and Schmidt brought separate actions for overtime wages pursuant to the Nebraska Wage Payment and Collection Act (Nebraska Wage Act), Neb. Rev. Stat. § 48-1228 et seq. (Reissue 1988 & Cum. Supp. 1990). Their cases were consolidated for trial and remain consolidated for appeal. We reverse, and remand with directions to dismiss because Freeman and Schmidt did not have a cause of action under the Nebraska Wage Act.

## I. FACTS
Freeman and Schmidt had worked for Central States as medical claims auditors. They brought causes of action in Douglas County District Court on January 10, 1991, seeking unpaid wages for overtime hours pursuant to the Nebraska Wage Act. Freeman and Schmidt alleged that they entered into a contract of employment which provided that they would work 38.75 hours per week and that the contract included as an implied term the existing law, including the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et seq. (1988) (FLSA). Neither of their amended petitions

alleged that Central States had violated the FLSA. In their amended petitions, Freeman and Schmidt alleged that they were "entitled to receive compensation for all hours worked as contracted for wages as defined by [the Nebraska Wage Act]."

Freeman was employed by Central States from February 23, 1987, through February 28, 1989. Schmidt was employed by Central States from August 13, 1984, through May 5, 1989. Freeman was paid $1,545 per month at the time she voluntarily resigned, and Schmidt was paid $1,436 per month at the time she voluntarily resigned.

Schmidt and Freeman testified that they worked in excess of 38.75 hours per week beginning in March 1987, when the department had a backlog. They said that they worked an average of 44 hours per week, Freeman from March 1, 1987, through March 12, 1988, and Schmidt from March 1, 1987, through February 14, 1988. Schmidt also said she worked overtime hours from February 14, 1988, to May 1989. They claimed entitlement to compensation at the regular hourly rate for the first 1.25 hours beyond the scheduled 38.75 hours, and to overtime compensation for any hours worked beyond 40 hours. The total claim for unpaid wages amounted to $6,333 for Freeman and $6,933.27 for Schmidt.

Freeman and Schmidt claimed that Central States' nonpayment of overtime wages was willful. Consequently, they sought to recover an amount equal to two times the alleged amount of unpaid wages. See § 48-1232.

Central States denied that there was a contract or that the monthly salary was intended to compensate for only 38.75 hours per week. Central States admitted that it was subject to the FLSA, but denied that the FLSA created a cause of action for unpaid wages under the Nebraska Wage Act. As affirmative defenses, Central States claimed that the amended petitions failed to state claims under the Nebraska Wage Act, that Freeman and Schmidt had agreed to work for a fixed monthly salary and that there was no agreement to pay overtime, that Freeman and Schmidt were exempt as administrative employees under the FLSA, that all or a portion of the damages sought were barred by the statute of limitations, that several causes of action were improperly joined, and that no Nebraska

law requires an employee to be paid overtime.

The evidence at trial showed that when Freeman and Schmidt were hired, they understood the jobs to be full time, which amounted to 38.75 hours per week, for which they would be paid monthly. Schmidt did not recall whether she was told when she was hired that she would not be paid overtime, but she testified that at one time, she was told that the auditors would be expected to work overtime without pay. Freeman said that when she was hired, the manager estimated that she would work 38.75 hours per week, but the manager told her the position was exempt from federal overtime regulations and that Central States did not pay overtime. Freeman said that she understood that no overtime would be paid for work in excess of 38.75 hours weekly.

The trial court found, inter alia, that (1) Freeman's and Schmidt's claims were valid under the Nebraska Wage Act, (2) they were entitled to overtime because Central States failed to prove that they were administrative employees exempt from federal overtime regulations, (3) Freeman was entitled to recover $5,787.74 and Schmidt was entitled to recover $6,884.89, (4) Freeman's and Schmidt's attorneys were entitled to fees of $16,700, and (5) the evidence was insufficient to support the allegation that Central States' conduct was willful. In announcing the amounts of unpaid wages due Freeman and Schmidt, the trial court did not differentiate between compensation at regular wages for the interval of worktime between 38.75 and 40 hours per week and compensation at time and a half for hours worked in excess of 40 per week.

## II. ASSIGNMENTS OF ERROR

In this appeal, errors have been assigned on both appeal and cross-appeal. We reach only one assignment of error, as it is dispositive of the appeal. Central States argues that the trial court erred in determining that the overtime claims were payable pursuant to the Nebraska Wage Act.

## III. STANDARD OF REVIEW

In a bench trial of a law action, the trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless they are clearly wrong. *Broekemeier Ford v.*

*Clatanoff*, 240 Neb. 265, 481 N.W.2d 416 (1992).

Regarding a question of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court in a judgment under review. *Plambeck v. Union Pacific RR. Co.*, 244 Neb. 780, 509 N.W.2d 17 (1993).

## IV. ANALYSIS

### 1. Nebraska Wage Act

This case was pleaded in the amended petitions and decided by the trial court as an action to recover unpaid wages under the Nebraska Wage Act. The act defines wages as "compensation for labor or services rendered by an employee, including fringe benefits, *when previously agreed to* and conditions stipulated have been met by the employee, whether the amount is determined on a time, task, fee, commission, or other basis." (Emphasis supplied.) § 48-1229(3). In our research, we have found no Nebraska law, including the Nebraska Wage Act, requiring the payment of compensation for overtime where there is no previous agreement regarding overtime compensation. Freeman and Schmidt do not have a cause of action under the Nebraska Wage Act because overtime wages can be claimed under the act only if those overtime wages were previously agreed to by the employer and the employee. The facts clearly indicate that there was no previous agreement calling for payment of overtime wages by Central States to either Freeman or Schmidt. Indeed, the record shows that if there was any sort of agreement concerning overtime, it was to the effect that there would be *no* overtime compensation for Freeman and Schmidt. Therefore, we find clearly erroneous the finding of the trial court that there was a previous agreement between the parties that Freeman and Schmidt would receive compensation of any kind for hours worked in excess of 38.75 per week. Consequently, we find that the trial court erred in concluding that the claims were payable under the Nebraska Wage Act.

### 2. FLSA

Although a violation of the FLSA was not alleged in the amended pleadings, and although this case was decided by the

trial court without reference to the FLSA, Freeman and Schmidt rely on the FLSA in their appeal to this court. Under the FLSA, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1). "Any employer who violates [29 U.S.C. § 207] shall be liable to the employee or employees affected in the amount of . . . their unpaid compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Thus, even in the absence of a previous agreement between the parties concerning overtime compensation, compensation for overtime could be claimed under the FLSA for hours worked in excess of 40 during a given week.

 Without ruling on the assertion of Freeman and Schmidt that the FLSA was incorporated by implication into their employment contracts with Central States, we note that their employment contracts were subject to the FLSA. Freeman and Schmidt were entitled by federal statute to $1\frac{1}{2}$ times their regular hourly wages for hours worked in excess of 40 during a given week. However, federal courts have held that the FLSA is the exclusive remedy for the enforcement of rights created under the FLSA. *Tombrello v. USX Corp.*, 763 F. Supp. 541 (N.D. Ala. 1991); *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F. Supp. 1027 (N.D. Cal. 1972). See, also, *Nettles v. Techplan Corp.*, 704 F. Supp. 95 (D.S.C. 1988). Put another way, a party can file an FLSA claim in a Nebraska state court, see § 216(b), but a party cannot use the Nebraska Wage Act to enforce rights that it may possess under the FLSA.

FLSA claims are subject to a 2-year statute of limitations. See 29 U.S.C. § 255(a). If Freeman and Schmidt wanted to avail themselves of their rights under the FLSA, then they had to comply with the terms of the FLSA, regardless of whether they filed their claims in state or federal court. In order to collect under the FLSA, Freeman and Schmidt needed to file claims within 2 years of the accrual of their causes of action, and in those claims they needed to allege a violation of the FLSA and the facts necessary to support such an allegation. No

such claim is before us, perhaps because nearly all of the unpaid wages sought by Freeman and Schmidt would have been time barred under the FLSA.

## V. CONCLUSION

Freeman and Schmidt sought compensation under the Nebraska Wage Act. For the intervals of worktime from 38.75 to 40 hours per week, they sought compensation at their regular hourly wage. For hours worked in excess of 40 per week, they sought compensation at $1\frac{1}{2}$ times their regular hourly wage. The claim for compensation at the regular hourly wage for worktime between 38.75 and 40 hours per week fails because there was no previous agreement by Central States to pay Freeman and Schmidt for hours worked in excess of 38.75. The claim for compensation at $1\frac{1}{2}$ times the regular hourly wage for worktime in excess of 40 hours per week fails for two reasons. First, there was no previous agreement by Central States to pay Freeman and Schmidt time and a half for overtime hours. Second, there can be no recovery pursuant to the FLSA because no FLSA claim was filed. Therefore, we reverse the judgment of the trial court and remand the cause of action with directions to dismiss.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.