# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-3500
_____

Jose A. Gomez; Juliana Reyes; Juan M. Cruz; Ted McDonald; Cecilia Ortiz;
Mario Cruz, on behalf of themselves and all other similarly situated individuals,

*Plaintiffs - Appellees*,

v.

Tyson Foods, Inc.,

*Defendant - Appellant*.
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: January 15, 2015
Filed: August 26, 2015
_____

Before COLLOTON, BEAM, and KELLY, Circuit Judges.
_____

COLLOTON, Circuit Judge.

Jose Gomez and five other named plaintiffs brought this suit under the Nebraska Wage Payment and Collection Act, Neb. Rev. Stat. §§ 48-1228 to 48-1234, and the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201-219. They sought overtime and minimum wage payments for certain pre- and post-shift activities while they were employed by Tyson Foods, Inc. They represent a class of current or former

unionized employees at Tyson's beef processing facility in Dakota City, Nebraska. The district court granted summary judgment in favor of the class on all liability issues, and the parties proceeded to a jury trial to determine the amount of time the employees spent performing the activities. After the verdict, the court awarded nearly $5 million in damages. Tyson appeals the class certification, the summary judgment rulings, and several issues related to the trial and damages award. We conclude that Tyson is entitled to judgment as a matter of law on both the federal and state claims, and we therefore reverse the judgment.

I.

Tyson owns and operates a beef processing facility in Dakota City, Nebraska. Hourly production employees at the Dakota City facility are generally divided into "slaughter" and "processing" departments. Tyson compensates the employees for time spent on the actual production line, known as "gang time." In addition to gang time, Tyson adds a number of minutes per day, known as "K-code time," for certain pre- and post-shift activity. The pre- and post-shift activity includes the donning and doffing of personal protective equipment and clothing, cleaning and maintaining equipment and clothing, and walking to and from the production line, lockers, and wash stations. The extent of the pre- and post-shift activities that employees are required to perform varies based on their job classification.

The employees at the Dakota City facility are represented by the United Food & Commercial Workers International Union, Local 222. Throughout the relevant period, the terms of employment at the facility have been governed by Collective Bargaining Agreements entered into by Tyson and the union in 1999, 2004, and 2009. All three agreements contain an identical definition of work time: "Work time will be computed from the time employees on a position commence their work until the time worked is stopped at a position, and will be computed to the nearest minute." It is not disputed that this definition of work time refers to gang time. The

agreements also contain an integration clause and an "amendments" clause, which read:

> ENTIRE AGREEMENT.  This is the complete agreement providing all benefits to which any employee may be entitled, and it is expressly understood and agreed that the Company has no obligation to any employee or employees other than those specifically provided herein.
>
> &ast;   &ast;   &ast;
>
> AMENDMENTS.  Any modification or supplement to this Agreement to be effective must be reduced to writing and executed by proper representatives of each party.

None of the agreements contains a provision for compensation for the pre- and post-shift activities at issue in this case.  Nevertheless, during the relevant period Tyson has paid four minutes of K-code time per shift to each employee at the Dakota City facility.

The employees brought suit in 2008 under the Nebraska Wage Payment and Collection Act, claiming that Tyson failed to pay them adequately for the pre- and post-shift and break time activities.  They also sought to bring a collective action on behalf of themselves and other employees under the FLSA, 29 U.S.C. § 216(b), for unpaid overtime wages.  The district court certified the Collection Act claim as a class action under Federal Rule of Civil Procedure 23.  In the FLSA collective action, none of the plaintiffs filed timely consent in writing to become a party, pursuant to §§ 216(b) and 256, and the district court never certified a collective action.  Tyson and the employees filed cross-motions for summary judgment.  Similar to its ruling two months earlier in *Acosta v. Tyson Foods, Inc.*, No. 8:08CV86, 2012 WL 6552772 (D. Neb. Dec. 14, 2012), the district court denied Tyson's motion, and granted summary judgment in favor of the employees on all liability issues.

The case proceeded to a jury trial on damages to determine the amount of time the employees spent performing the activities at issue. The jury returned a verdict finding that employees in the slaughter department spent 5.79 minutes per day on average performing the pre- and post-shift activities, and employees in the processing department spent 4.56 minutes per day on average. The district court then awarded $3,307,191.20 in damages to the class, and ordered Tyson to pay $1,653,595.60 to the Nebraska State Treasurer for willful nonpayment of wages under Neb. Rev. Stat. § 48-1231(2). Tyson appeals, challenging the denial of its motion for summary judgment and several issues related to the class certification, trial, and damages award.

II.

Tyson argues first that the district court should have dismissed the named plaintiffs' FLSA claims for failure to file timely consents as required by 29 U.S.C. § 216(b). As we explained in *Acosta v. Tyson Foods, Inc.*, No. 14-1582, slip op. at 4-6 (8th Cir. Aug. 26, 2015), also filed this date, an employee must file a written consent within the statute of limitations to proceed as a party plaintiff when a claim under the FLSA is pleaded as a collective action. *See also Harkins v. Riverboat Services, Inc.* 385 F.3d 1099, 1101-02 (7th Cir. 2004). The complaint in this case was styled as a "Collective Action Complaint." The employees brought the claims "on behalf of themselves *and other similarly situated individuals*." In their prayer for relief, the employees asked the court to "permit this action to go forward as a 'collective action' pursuant to 29 U.S.C. § 216(b)." The complaint was never amended to assert an individual action. Despite the pleading, the named plaintiffs never filed the requisite consents, and never moved for conditional certification of the collective action. As in *Acosta*, the district court should have dismissed the FLSA claims because no named plaintiff filed the required consent to proceed as a party in the collective action.

-4-

Tyson also contends that the employees failed to make a submissible case on their claims under the Nebraska Collection Act. The Collection Act creates a cause of action to recover only those wages that an employer previously agreed to pay, when all conditions stipulated have been met. Neb. Rev. Stat. § 48-1229(6); *see also Acosta*, No. 14-1582, slip op. at 6-9. Tyson argues that it never agreed to pay the disputed wages in this case.

The terms of employment between Tyson and the employees of its Dakota City facility were governed by a collective bargaining agreement between Tyson and the union that represented the employees. The agreement did not specify compensation for the pre- and post-shift activities at issue. According to an integration clause in the agreement, it was "expressly understood and agreed that the Company has no obligation to any employee or employees other than those specifically provided herein." This clause establishes a presumption that the contract is complete by itself. *NLRB v. Int'l Bhd. of Elec. Workers, Local Union 16*, 425 F.3d 1035, 1040 (7th Cir. 2005). The "amendments" clause, requiring that any modifications be set forth in writing, precludes any implied terms or non-written modification of the collective bargaining agreement. *Bozetarnik v. Mahland*, 195 F.3d 77, 83 (2d Cir. 1999); *Martinsville Nylon Emp. Council v. NLRB*, 969 F.2d 1263, 1268 (D.C. Cir. 1992).

Tyson acknowledges that it agreed to pay every employee at the Dakota City facility for four minutes per shift to compensate for pre- and post-shift activities, but there is no dispute that the company paid the employees for this amount of time. There is no evidence of an agreement to pay Dakota City employees for additional time performing pre- and post-shift activities during the relevant period. The integration clause disclaimed any additional preexisting obligation, and the sources cited by the employees as evidence of a separate agreement are insufficient to establish an agreement to pay the disputed wages. *See Acosta*, slip op. at 8-11.

As we explained in *Acosta*, a claim by the employees that they were entitled to additional compensation under the FLSA cannot be raised through an action under the Nebraska Collection Act. *Id*. at 11; *see Freeman v. Central States Health and Life Co.*, 515 N.W.2d 131, 135 (Neb. Ct. App. 1994). We therefore conclude that the employees' claims under the Collection Act fail as a matter of law. It is unnecessary to address the remaining issues raised by Tyson on appeal.

The judgment of the district court is reversed, and the case is remanded to the district court with directions to enter judgment for Tyson.

_____