### BARTELS et al. v. PIEL BROS., Inc.
### Civil Action No. 7540.

District Court, E. D. New York,
Sept. 8, 1947.

Witt & Cammer, of New York City, (Milton Paulson, of New York City, of counsel), for plaintiff, for the motion.

Sullivan & Cromwell, of New York City (John F. Dooling, Jr., of New York City, of counsel), for defendant, opposed.

KENNEDY, District Judge.

In this and 15 other cases, plaintiffs move to amend their complaint. All of the suits were instituted under the supposed authority of Sec. 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), that is to say the plaintiffs were not suing in the capacity of employees of the defendant; they were union agents suing in a representative capacity. These agent-plaintiffs had, and exhibited as part of their complaints, authority in writing from the individual employees to maintain suits in the form described. But on May 14, 1947, the Congress, by the enactment of the so-called Portal-to-Portal Act of 1947, sec. 5, 29 U.S.C.A. § 216(b), changed all that. Prospectively, it no longer became possible to maintain suit in that form; no relief could be accorded to an individual employee unless he consented in writing to become a party to the suit. Moreover, in the same legislation, the Congress made applicable a two-year statute of limitations, 29 U.S.C.A. § 255, so that it no longer would be necessary to apply state statutes. In the cases at bar the result of this change, certainly as to future actions, was to bar claims more than two years old at the time complaint was filed, and to supersede the New York six-year statute. Civil Practice Act, § 48. The new legislation contains a provision specifically applicable to "pending collective and representative actions." Sec. 8, 29 U.S.C.A. § 257. It is upon this basis of this section of the statute that plaintiffs now seek to amend their complaint. Whether they should be permitted to do so or not is the only question before me. Neither the sufficiency of the complaints, the jurisdiction of this Court to entertain them, nor the constitutionality of the new legislation is involved, and I consider none of these matters.

The first sentence of sec. 8 of the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 257, by itself, offers no difficulty. The newly erected two-year statute of limitations is, by that sentence, made applicable to pending "collective and representative actions." But implicit in the sentence is the suggestion that claimants who, within 120 days from the date of the passage of the act, take steps (undescribed) to become "specifically named" as parties' plaintiffs may thus protect their claims against the bar of the new statute. This is what the present motions seek to accomplish.

It is the second sentence of sec. 8 that produces debate. This sentence, speaking of a class claimant, says that pending "collective and representative actions" are considered to have been commenced by "him" when and only when he files his written consent "to become a party plaintiff" to the action. The antecedent of the pronoun "him" must be looked for in the first sentence of the section. Is that antecedent the phrase "individual claimant", or is it that phrase qualified by what follows it, namely, the clause "who has not

been specifically named as a party plaintiff"? If the former construction is adopted *no* claimant can take any benefit from a previously commenced class action until his written consent to become a party plaintiff is filed with the court. If the second construction holds, then claimants who somehow become parties plaintiff before the deadline date (September 11, 1947) are not affected by the written consent requirements; the others are. This second construction is that adopted by counsel in support of the motion. The first is relied upon by those who oppose it, or some of them.[1]

█ If Congress intended by sec. 8 of the Portal Act to save pending class claims from the operation of the new and in most instances shorter statute of limitations, as I think it did, then probably liberal construction of the section is required. This would point toward the reading that claims are saved if those asserting them become in any way parties plaintiff within the grace period, and those, and only those, who fail to take this step must console themselves with the dubious benefit attained by complying with the stricter requirements, the filing of written consents. I say dubious benefit, because really such claimants get nothing, or very little. To them the two-year statute applies. The filing of a written consent in a pending class action by one of them is neither more nor less effective to extend the time-scope of the claim than the commencement of an independent action. Perhaps it was thought that claimants who did not become parties plaintiff within the grace period took some advantages from the filing of written consents later; they were saved the trouble of beginning independent actions. However that may be, I believe that Congress, in section 8 of the Portal Act was putting class claimants into two categories: (1) those who, within a very limited period from the passage of the act (120 days) became parties plaintiff by any adequate method, and (2) those who let this chance slip by but who, by a more restricted procedure (written consent) could salvage an advantage more limited. If I am right in this belief I ought not deny relief to vigilant suitors, who file no written consents, and thus make the grace period meaningless. I am inclined to believe that, at the very least, Congress intended to give a grace period of 120 days to class claimants in which they might become parties plaintiff in the proper sense of the word and thus escape the change in the statute. If that is so, then the narrow question before me is whether the pending motions are adequate in a procedural sense to accomplish this result.

█ Those who oppose the motion say it is not, for three reasons (1) that actually the motion is for a substitution (Federal Rules of Civil Procedure, rules 19, 20, 24, 28 U.S.C.A. following section 723c, and it is specifically made, not in behalf of the incoming plaintiffs (the employees themselves) but in behalf of the outgoing plaintiffs (the union agents), (2) that the warrant of authority exhibited in the original complaint is not broad enough to sustain the motion to "amend", because it extends merely to the commencement of a representative suit, and not to one in which the employees are willing to become parties in the proper sense of the term and (3) that sec. 8 of the new statute does not specifically authorize, nor do the Federal Rules of Civil Procedure generally authorize, a motion for the substitution of parties by anyone other than the prospective party himself.

On the argument, counsel for the moving plaintiffs assured the Court, and offered to file an affidavit showing that he had authority from the individual employees to make the motion. He argued that there is no requirement in the Federal Civil Rules that the authority of attorneys generally to commence actions or to intervene in actions, should be supported by anything

---

[1] Counsel in the Piel case, whose caption this memorandum bears, seem to think it unnecessary to construe the statute. But others emphasize the impact of the second sentence of section 8 upon the first (e. g., see Bartels et al. v. Linden Holding Co., Inc., et al., Civ. 7671 *; Mosele et al. v. National Enameling & Stamping Co., Inc., Civ. 7567; * and others). Therefore I consider the point.

* No opinion for publication.

in writing from the client, and that if there is the least doubt on this point the notice of motion itself should be amended to reflect the fact that the relief is being sought by the individual employees. It seems to me that the position of plaintiffs' counsel is fully warranted by the spirit and purpose of the Federal Civil Rules and that, if sec. 8 of the Portal-to-Portal Act of 1947 does not require consents in writing from the client, I should not require that they be furnished. If I am right in this, then I need not consider the effect of the consents exhibited in the original complaint, nor to decide whether the language of those consents is broad enough to constitute compliance with the terms of the second sentence of sec. 8.

The disposition that I make of the matter is certainly one of which the defendants could justly complain, because when all is said and done it leaves them in the dark concerning the identity of the individuals whose claims will be litigated at the trial. For example, some of these may have died since the commencement of the original action. However, this is no worse than a temporary hardship; I feel quite certain that well prior to the actual trial counsel for the plaintiffs will be bound to discover the existence of such instances, and will just as inevitably disclose them to the defense.

Some of the counsel for the defense feel that it is wrong, even if the motion be granted, to grant it in the form proposed, namely, that the amendment be "deemed" made. But the names of the individual claimants are set forth specifically in the schedule presented and exhibited in the original complaint, and to exact the labor of rewriting all of the pleadings merely to transfer these names into the caption would be to serve no useful purpose. Beyond that, the amendment involves merely a change in one key paragraph to allege the change of capacity, and failure to rewrite physically all of the complaints to incorporate this change imposes no real detriment on the defendants.

The motions are granted. Submit order.