L. Mets **LERWILL** et al., Plaintiffs,

v.

**INFLIGHT MOTION PICTURES, INC.,**
a corporation, Defendant.

**No. C–70 244 ACW.**

United States District Court,
N. D. California.

May 31, 1972.

David B. Mogilefsky, San Francisco, Cal., for plaintiffs.

Cushing, Cullinan, Hancock & Rothert, with Gerhard Stoll, San Francisco, Cal., for defendant.

MEMORANDUM OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

WOLLENBERG, District Judge.

Plaintiff has brought this action based on the contract of employment be-

tween his collective bargaining representative and the defendant on behalf of himself and all other employees or former employees of defendant similarly situated. In sum, the complaint charges that overtime was not paid to the plaintiffs as required by the contract. It appears that the defendant followed a practice of allowing employees to work one or more shifts in excess of five per week and paid for such additional shifts at regular rather than overtime rates, as those terms were defined in the contract. The plaintiff class has been previously certified.

■ Plaintiff now moves for summary judgment essentially on the ground that the provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended, must be construed as part of the employment contract, and if so construed, would require that a partial summary judgment on the basic issue of liability be rendered for plaintiff, leaving only the issues of computation of damages in the case of each class member to be resolved at trial. The Court has concluded that the FLSA is not to be "incorporated" into the employment contract sued upon; it is not necessary, therefore, to determine whether the employment of plaintiff is subject to FLSA standards. Since the interpretation and construction of the contract sued upon, as well as the consideration of the several affirmative defenses interposed by defendant, will all involve genuine issues of fact, summary judgment must be denied.

Plaintiff's argument has what can only be termed a beguiling and appealing simplicity. The contract, he argues, cannot be allowed to derogate from the requirements and purpose of the overtime provisions of the FLSA, 29 U.S.C. § 207, and consequently, in enforcing a claim under the contract for overtime compensation, the Court must enforce a standard no less exacting than the statute establishes. To do any less would sanction violations of the FLSA, and thus frustrate the intent of Congress.

The parties have cited no case in their briefs dealing with such a contention, and the Court's research has disclosed none. The insurmountable difficulty in the argument made by plaintiff, lies, as does its appeal, in its simplicity. If it were only by the judicial fashioning of a remedy for the enforcement civilly of the overtime provisions of the FLSA that the employee could recover what was due him, then the argument would have validity. See, e. g., J. I. Case Co. v. Borak, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964). In such a case, construing the underlying contract of employment to include the provisions of the FLSA might well be a sound means of furthering the purpose of the Act. The fact is, however, that Congress has created a very detailed and carefully defined right of action to enforce these provisions. The essentials of the remedy are set out at 29 U.S.C. § 216(b).

Plaintiff candidly acknowledges that he deliberately chose not to pursue his remedy under § 216(b) because of certain disadvantages inherent in it. His position, then, must be that the sole remedy provided by Congress to the employee for the recovery of compensation due under § 207 should be held to offer only an additional, alternative means of enforcing his statutory rights, rather than the exclusive remedy.

■ It is true that nowhere in the statute is it provided that § 216(b) provides the sole means of recovery for an employee. A brief review of some of the legislative history of the Act, as amended has not revealed an express statement of such intention. On its face, however, a clearer case of implied intent to exclude other alternative remedies by the provision of one would be difficult to conceive. It should not require resort to Latin maxims of construction to show that the provision of one detailed remedy, which necessarily works to define the substantive right to be enforced, would exclude the possibility of alternative remedies in the absence of a clear showing that Congress intend-

ed such alternatives to be provided by judicial construction. At the very least, then, plaintiff would have a heavy burden to discharge if his premise was to be accepted; as a matter of fact, plaintiff has offered nothing by way of either legislative history or judicial decision in support of his position.

On the other hand, a careful examination of other provisions of the FLSA, as amended, does disclose a Congressional intent that the right of action so provided was to be the *sole* means by which employees could enforce the rights created by § 207. The restriction on class recoveries found in § 216(b), the statute of limitations in § 255, and the restriction on liquidated damage awards in § 260, all part of the "Portal to Portal Pay Act of 1947", 61 Stat. 84, are examples of the refining process to which Congress has subjected the § 216(b) remedy. A review of the legislative history surrounding the 1947 Act clearly evidences an intention to cut back on the rights that had been created when the FLSA was originally enacted in 1938. Prior to the 1947 amendments, the applicable state statute of limitations governed the action, e. g., Caldwell v. Alabama Dry Dock and Shipbuilding Co., 161 F.2d 83 (5th Cir. 1947). The rule on class actions was liberal, modeled essentially after the provisions of the Federal Rules, e. g., Culver v. Bell & Lofland, 146 F.2d 29 (9th Cir. 1945). The double damages recovery was available in all cases, without regard to the culpability of defendant's conduct, e. g., Rigopoulos v. Kervan, 140 F.2d 506 (2nd Cir. 1943). Each of those changes substantially affected the ability of the employee to vindicate his rights under the Act. By those and subsequent amendments, Congress carried on the delicate process of balancing the competing policies of 1) strict enforcement of the statutory objective of insuring minimally acceptable pay levels and 2) the avoidance of the economic disruption of unanticipated liabilities. In so doing Congress created a remedy conditioned with both advantages and disadvantages to the claimant. It would be difficult indeed to find any purpose in that careful process if alternative remedies, varying with variations of state law were also to be available in any case in which the alternative seemed more advantageous to the plaintiff-employee seeking to enforce his § 207 rights.

The only conclusion possible, then, is that the statutory remedy is the sole remedy available to the employee for enforcement of whatever rights he may have under the FLSA. Apart from the matter of the *power* of Congress to so provide, about which there can be no doubt, it seems that the legislative process is far better suited than the judicial to fashion a balanced remedy suited to the particular circumstances, if for no other reason than that the legislature is much more free to adjust and modify its handiwork in the light of actual experience. Judicial construction of an alternative remedy would not only be unwarranted, but unwise.

If the holding of numerous cases, such as Wood v. Lovett, 313 U.S. 362, 61 S.Ct. 983, 85 L.Ed. 1404 (1941), that the laws which subsist at the time and place of making of a contract form a part of it as if they were expressly referred to, has any applicability to a case such as this, it must be that the law providing the remedy as well as that providing the substantive right itself should be "read into" the contract, so that the expressly provided remedy would be the only one available to enforce the right.

The result, then, is that if the employee brings an action, as here, based on his contract of employment, the contract should be interpreted, construed and enforced just as would any contract. If the contract is construed in such a way that it would violate the provisions of the FLSA, the contract will still be enforceable, while the employee will retain whatever remedy he may have under § 216(b) to enforce his rights under

**1030**

the Act. Since there appear, as noted above, to be several genuine issues of fact to be resolved in order to determine the rights of the plaintiff class under this agreement, the matter must proceed to trial. It is

Ordered that plaintiff's motion for partial summary judgment is denied.