**Robert RASP, Sr., Linda Rasp, Michael R. Barnes, Deborah Barnes, William O. Smith, Marjorie Smith and Mary Ann Ruble, Appellants,**

v.

**HIDDEN VALLEY LAKE, INC., Appellee.**

**No. 1–685A148.**

Court of Appeals of Indiana, First District.

Jan. 27, 1986.

Robert J. Ewbank, Lawrenceburg, for appellants.

William R. Pfister, Lawrenceburg, for appellee.

NEAL, Judge.

## STATEMENT OF THE CASE

Appellants-defendants, the Rasps, et al. (Rasps), appeal a Dearborn County Court order denying their Ind. Rules of Procedure, Trial Rule 12(B)(1) and (6) motions and entering judgment in favor of appellee-plaintiff, Hidden Valley Lake, Inc. (Hidden Valley).

We reverse.

## STATEMENT OF THE FACTS

On August 20, 1982, Hidden Valley filed statements of claim against appellants in separate suits in the Dearborn County Court seeking judgments for water and sewer availability fees, late charges, collection costs, and/or property taxes.[1] The claims were made as follows: Rasps $314.50; Ruble $268.76; Barnes $268.76; and Smiths $453.30. Each statement of claim was supported with exhibits of account cards, and a copy of a deed which purported to be the basis of the entitlement for the claim. The claims were not verified nor were they supported by affidavits.

Thereafter, on September 11, 1982, the Rasps, by counsel, filed their answer in denial. On the same day they filed an unverified motion to dismiss under Ind.

---

1. In actuality, the statement of claim against the Rasps was filed on August 20, 1982, while the statements of claim against the other defendants were filed on July 10, 1984. However, by stipulation of the parties, the several cases were consolidated into the one case with the pleadings and memoranda from the initial claim controlling.

Rules of Procedure, Trial Rule 12(B)(6) which motion was amended on September 13. According to the unverified legal memorandum filed in support of the motion on March 26, 1984, the Rasps claimed that the charges were unlawful because they had not been approved by the Public Service Commission. No affidavits accompanied the motion.

On March 15, 1984, the Rasps filed a second unverified motion to dismiss under T.R. 12(B)(1) alleging that the Dearborn County Court lacked jurisdiction to hear the suit because it was a suit to enforce a lien. Though a legal memorandum supporting the motion was filed on March 26, 1984, no affidavits accompanied it.

On April 5, 1984, Hidden Valley filed an unverified legal memorandum in opposition to the T.R. 12(B)(6) motions.

On December 14, 1984, the trial court entered an order denying the two motions to dismiss and in the same order entered judgments for Hidden Valley against the Rasps, Ruble, the Barnes and the Smiths in the amounts claimed above. The record does not reflect that a trial was held or that evidence was taken. No affidavits were filed nor were the T.R. 12 motions converted into motions for summary judgment. There did appear in the record a joint stipulation which reads as follows:

"Comes now William R. Pfister as Attorney for Hidden Valley Lake, Inc., Plaintiff in several cases pending before this Court, wherein Hidden Valley Lake, Inc., has filed its action to collect for water availability charges and sewer availability charges. Comes now Robert Ewbank, Attorney for certain Defendants in said causes. It is now shown to the Court that the issues raised have been briefed and submitted to this Court and that in the interest of conservation of Judicial Time, that the undersigned have agreed that in each case where Robert Ewbank has or does enter appearance, said case will be held in abeyance and the matter submitted to the Court on the same pleadings and Memoranda as heretofore submitted to the Court in Cause No. SC–504–82

This agreement subject to approval by the Court."

A Motion to Correct Errors was filed by the defendants in all cases on February 12, 1985, to which was filed by Hidden Valley on February 21, 1985, an unverified Statement in Opposition thereto. That Statement in Opposition alleges that the County Court Judge who entered the judgment had left office on December 31, 1984, and a copy of the Motion to Correct Errors was not served on him as required by Ind. Rules of Procedure, Trial Rule 59(C).

The Motion to Correct Errors essentially raised the issues that the trial court committed error in: (1) entering a judgment without any form of evidentiary hearing; and (2) overruling the T.R. 12 motions. Noting that the Motion had not been served on him, the trial judge, Judge Hoffman, denied the Motion on May 3, 1985.

## ISSUES

Appellants raise the following issues on appeal:

I. Does the Dearborn County Court have subject matter jurisdiction to declare or establish a lien.

II. May a court enter an order of judgment where there are disputed facts and defendants have had neither a trial nor the opportunity to present evidence in any manner.

III. Whether Public Service Commission approval is necessary in order for a real estate developer to charge sewer and water availability fees.

IV. Whether a restrictive covenant contained in a deed restriction providing for sewer and water availability fees to be paid to a former real estate developer is enforceable as a matter of public policy.

V. Whether appellants have forfeited their right to appeal because they failed to serve the trial judge a copy of the motion to correct errors.

VI. Whether appellants forfeited their right to appeal because they failed to include in pre-appeal filings the order overruling the motion to correct errors.

Examination of the Motion to Correct Errors revealed that Issue IV was not raised therein. Appellants having not properly presented it for review here, we will not discuss it.

## DISCUSSION AND DECISION

### Issue I: *Subject Matter Jurisdiction.*

■ Appellants contend that the Dearborn County Court lacked subject matter jurisdiction because IND. CODE 33–10.5–3–2 provides that a county court has no jurisdiction to declare or enforce liens on real estate. Hidden Valley's claim is based on the deed attached to the claim in which the grantees agreed to pay certain water and sewer availability charges. If the payments become delinquent they then become a lien on the property.

■ It is clear that Hidden Valley brought suit on an alleged accrued debt and did not ask that a lien be declared or foreclosed. We consider the law to be settled that even though a court lacks jurisdiction to enforce a lien, such does not preclude jurisdiction to entertain a suit on the underlying debt. *Levi v. Hare* (1894), 8 Ind.App. 571, 36 N.E. 369; 18 I.L.E. *Liens* Sec. 9 (1959).

*Colonial Discount Corp. v. Bowman* (1981), Ind.App., 425 N.E.2d 266, relied upon by appellants, is distinguishable. In that case, after property sold on a conditional sales contract had been repossessed, the seller sold it without following foreclosure procedures required by *Skendzel v. Marshall* (1973), 261 Ind. 226, 301 N.E.2d 641. That case recognized an equitable lien on the real estate in the buyer for his equity. Suit was brought by the buyers in a manner which this court characterized as a suit seeking recognition of their lien. Such was beyond the jurisdiction of a county court. However, in the case at bar the suit merely sought a money judgment on a promise to pay money. A county court has jurisdiction of such a suit.

### Issue II: *Entering Judgment Without Trial.*

■ The praecipe requested the total record. That record is devoid of any trial or summary judgment proceeding to support a judgment in favor of Hidden Valley. Hidden Valley claims that the joint stipulation contained in the above Statement of Facts permits the action taken by the trial court. We read the stipulation differently. Pending before the court were at least four cases. Two T.R. 12 motions to dismiss were pending in the Rasp case. Those motions were the only issues pending and briefed. The stipulation merely applied those pleadings to all four cases, that is, the motions to dismiss. Once the motions to dismiss had been ruled upon the case must necessarily be set for trial on the merits. The record does not support the action of the trial court. We can only adjudge this case from the record and may not guess what side agreements may have existed. If counsel for Hidden Valley had a stipulation of fact in mind it was incumbent upon him to prepare it, get it signed, file it with the court and make it a part of the record.

Hidden Valley's argument that this issue is based upon evidence outside the record, and must be supported by affidavits, is not well taken. The issue is based *upon* the record, or more particularly, the absence of any record showing a trial.

### Issue III: *Public Service Commission Approval.*

■ Appellants raised this issue with a Motion to Dismiss filed under T.R. 12(B)(6) wherein they claim that the complaint failed to state a claim upon which relief can be granted. No supporting affidavits were filed and no evidentiary material was submitted. In the unverified legal brief and memorandum they argue that the fees and charges are unenforceable because they had not been approved by the Public Service Commission. We first note that a complaint is sufficient to withstand a T.R.

12(B)(6) motion unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts. The rules do not require a complaint to state all elements of a cause of action. *State v. Rankin* (1973), 260 Ind. 228, 294 N.E.2d 604.

Hidden Valley alleged that by virtue of covenants in the deeds, appellants agreed to pay certain water and sewer availability charges but did not. The matter of the illegality of the fees and charges because they had not been approved by the Public Service Commission is an affirmative defense which must be pleaded by the defendants. Ind. Rules of Procedure, Trial Rule 8(C). Presumably at trial, evidence would be submitted that Hidden Valley operated a sewage or water system, was in fact a utility, and had failed to receive rate approval from Public Service Commission. Such matters supported by affidavits or other evidentiary material could have been raised by a motion for summary judgment under Ind. Rules of Procedure, Trial Rule 56. However, this was not done. Appellants cannot litigate an affirmative defense with a T.R. 12(B)(6) motion.

In their brief, appellants argue, without any supporting factual material, their affirmative defense while completely ignoring the untenable procedural posture. The trial court correctly overruled the motion. Should appellants desire to litigate this issue they may do so on retrial by filing an additional paragraph of answer raising the defense.

Issue V: *Service on Trial Judge.*

Hidden Valley argues that appellants waived their right of appeal by failure to serve the trial judge a copy of the Motion to Correct Errors. As shown above, the trial judge, Harlan Hoffman, left office on December 31, 1984. When the Motion to Correct Errors was filed with the clerk on February 12, 1985, no copy was served on the former judge as required by T.R. 59(C), though it was served on Hidden Valley's counsel. That counsel filed a response on February 21, 1985, and served that motion on the trial judge. Thereafter, the trial court ruled upon the motion, denying the same on May 3, 1985. Hidden Valley makes no effort to demonstrate that it was prejudiced by the appellants' failure to serve the trial judge. Clearly the trial judge had notice of the filing as early as February 21, when he was served with the response.

Hidden Valley cites no authority which states that the failure to serve the trial judge with a copy of the Motion to Correct Errors is jurisdictional. We know of none. In fact, *Unishops, Inc. v. Mays Family Centers, Inc.* (1978), 176 Ind.App. 406, 375 N.E.2d 1135 held the following:

"[T]hat while compliance with the service requirement is necessary to invoke a disqualification of the judge pursuant to T.R. 53.1(A), it is not necessary to perfect filing of the motion to correct errors. This result also appears to harmonize with the view taken in *State ex rel. Lake County Dept. of Public Welfare v. Lake Sup. Ct.* [ (1959), 239 Ind. 652, 159 N.E.2d 849], *supra,* which treated service requirements concerning a motion for new trial as directory rather than jurisdictional."

Given *Unishops,* we hold that a mere failure to serve the trial judge with a copy of the motion to correct errors does not, without more, work a disqualification of the right to appeal. A contrary holding would be unduly harsh and without purpose, for all persons knowledgeable with the functions of trial courts are aware that in many courts all such filings are made with the trial judge originally. In those courts where this is not done, the procedure and work flow of the clerk's office and/or the administrator's office carry the pleadings to the attention of the trial judge.

Issue VI: *Pre-Appeal Filing.*

Hidden Valley contends that appellants' failure to include a copy of the trial court's ruling on the Motion to Correct Errors in pre-appeal filings constituted a waiver of their right to appeal. This issue was decid-

ed adversely to Hidden Valley by this court's ruling on September 12, 1985.

For the above reasons, this cause is reversed and the trial court is directed to conduct a trial on the issues in each case.

Judgment reversed.

ROBERTSON, P.J., and RATLIFF, J., concur.

