**Clifford SMITH, Plaintiff,**

v.

**H.B. ALLSUP & SONS, INC., Defendant.**

**Civ. A. No. E88–0086(L).**

United States District Court, S.D. Mississippi, E.D.

June 23, 1989.

---

Bennie L. Jones, Jr., West Point, Miss., for plaintiff.

John G. Compton, Witherspoon & Compton, Meridian, Miss., for defendant.

**22**

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiff brought this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for unpaid minimum wages and unpaid overtime compensation. The case is now before the court on the motion of defendant H.B. Allsup & Sons, Inc. for summary judgment. Plaintiff Clifford Smith has responded to the motion and the court has considered the memoranda of authorities submitted by the parties.

The premise of defendant's motion is that plaintiff's claim is, as a matter of law, barred by the applicable statute of limitations. The limitation period for actions brought under the Fair Labor Standards Act is found at 29 U.S.C. § 255 and provides as follows:

> Any action commenced on or after May 14, 1947, to enforce any cause of action for unpaid minimum wages, unpaid overtime compensation, or liquidated damages ...
>
> (a) if the cause of action accrues on or after May 14, 1947—may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.

Plaintiff, while acknowledging that his claim accrued no later than April 1985, the time he last worked for defendant, and that this action was filed over three years later on August 22, 1988,[1] nevertheless contends that the action is not time-barred. He reasons that since he was eighteen years of age when his claim accrued and did not reach age twenty-one until May 28, 1987, the running of the statute was tolled until May 28, 1987.

While there is under Mississippi law a savings provision in favor of persons under the disability of infancy, Miss.Code Ann. § 15–1–59 (1972 & Supp.1988), the court is of the opinion that section 255 is not subject to tolling by virtue of that provision. This is not a diversity action in which the applicable statute of limitations is governed by state law. Nor is this a case in which the federal statute at issue contains no limitations period such that the court must look to state law for the appropriate statute of limitations and any tolling provisions. *Cf. United States v. Newsday*, 315 F.Supp. 333 (E.D.N.Y.1970). Rather, plaintiff's claim is predicated upon a federal statute as to which there exists an explicit limitation upon the time within which to enforce the right created by that statute and neither Congress nor the courts have created or recognized any tolling exception because of infancy. *See Hall v. E.I. DuPont de Nemours & Co.*, 312 F.Supp. 358, 360–61 (E.D.N.Y.1970); *Shunney v. Fuller Co.*, 111 F.Supp. 543 (D.R.I.1953). And, since there is a specific statutory limitation in section 255, reference need not be had to state law.

Since state law is inapplicable and federal law contains no savings provision to aid this plaintiff, the court finds that defendant's motion for summary judgment should be granted. Accordingly, it is ordered that defendant's motion for summary judgment is granted.

A separate judgment shall be entered in accordance with Federal Rule of Civil Procedure 58.

ORDERED.

---

1. Plaintiff has alleged a willful violation and accordingly, his claim would be governed by the three-year, rather than the two-year limitations period.