THOMAS D. JOHNSON v. THE NORTH CAROLINA DEPARTMENT OF
TRANSPORTATION, a Department and Agency of the State of North
Carolina, James Harrington, Secretary

No. 9123DC691

(Filed 21 July 1992)

1. **Limitation of Actions § 16 (NCI3d); Rules of Civil Procedure § 12.1 (NCI3d) — motion to dismiss — statute of limitations not asserted — consideration by court — consent of parties**

   The affirmative defense of the statute of limitations was before the trial court with the consent of both parties, and the failure to assert such defense in defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim was not fatal, where the record shows that plaintiff was not surprised by defendant's utilization of the limitations defense, plaintiff at no time objected to defendant's failure to allege the statute of limitations in the motion to dismiss, and the trial court considered the arguments of and authorities submitted by both parties relating to the limitations issue.

   **Am Jur 2d, Limitation of Actions §§ 422 et seq.**

2. **Master and Servant § 112 (NCI3d) — Fair Labor Standards Act — statute of limitations — state statute preempted**

   The two-year statute of limitations set forth in the federal Fair Labor Standards Act preempts the three-year statute of limitations provided in N.C.G.S. § 1-52(11) for recovery of any amount due pursuant to the Fair Labor Standards Act. Therefore, plaintiff's claim for compensation for overtime was barred by the federal statute of limitations where it was filed more than two years after the date the claim accrued.

   **Am Jur 2d, Limitation of Actions §§ 9 et seq.**

3. **Master and Servant § 112 (NCI3d) — Fair Labor Standards Act — pursuit of administrative remedies — statute of limitations not tolled**

   The federal statute of limitations for an action under the Fair Labor Standards Act is not tolled while the aggrieved party pursues administrative remedies.

   **Am Jur 2d, Limitation of Actions § 170.**

JOHNSON v. N.C. DEPT. OF TRANSPORTATION

[107 N.C. App. 63 (1992)]

4. **Master and Servant § 9 (NCI3d)— compensation for overtime— State Wage and Hour Act—no action against DOT**

The State Wage and Hour Act did not afford plaintiff a remedy against the Department of Transportation for overtime pay since N.C.G.S. § 95-25.14(d) expressly exempts "any State or local agency" from its overtime compensation provisions.

**Am Jur 2d, Master and Servant § 76.**

5. **State § 12 (NCI3d)— compensation for overtime—State Personnel Act—failure to exhaust statutory remedies**

Plaintiff was barred from pursuing his claim for overtime compensation under the State Personnel Act where he did not seek review of an administrative law judge's decision in superior court and thus failed to exhaust the remedies provided him by statute.

**Am Jur 2d, Administrative Law §§ 595 et seq.**

6. **Master and Servant § 9 (NCI3d)— overtime wages—no action under N.C. Administrative Code**

Provisions of the N.C. Administrative Code simply set forth agency guidelines and rules and do not confer any right of action in the courts for the payment of overtime wages.

**Am Jur 2d, Statutes §§ 430 et seq.**

APPEAL by plaintiff from order entered 10 April 1991 in ASHE County District Court by *Judge Samuel L. Osborne.* Heard in the Court of Appeals 12 May 1992.

*Kilby, Hodges & Hurley, by John T. Kilby, for plaintiff-appellant.*

*Lacy H. Thornburg, Attorney General, by David R. Minges, Assistant Attorney General, for the State.*

GREENE, Judge.

Plaintiff appeals from an order dated 10 April 1991, granting defendant's motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

Plaintiff Johnson was formerly employed by defendant North Carolina Department of Transportation (D.O.T.) as a Construction

Technician III (Project Supervisor). During the time between 12 May 1986 and 16 April 1987, plaintiff was assigned to a construction project on Highway 181 in Avery County. It was during this period that plaintiff claims he incurred 397.5 hours of overtime for which D.O.T. has failed to compensate him — a total of $7,014.15. Plaintiff retired in December, 1987.

On 4 January 1988, plaintiff submitted a letter to the Division Engineer requesting compensation for the aforementioned over- time. This request was, however, denied on 13 July 1988. Shortly thereafter plaintiff informed the Division Engineer of his intent to appeal, and was provided a hearing before the Employee Rela- tions Committee on 9 May 1989. Based in part on the Committee's recommendation, James E. Harrington, Secretary of D.O.T., ultimate- ly denied plaintiff's claim.

On 27 June 1989, plaintiff gave notice of his intent to appeal the Secretary's decision, and his Petition for Contested Case was forwarded to the Office of Administrative Hearings (OAH), accepted, and filed on 31 July 1989. The matter was assigned to Administrative Law Judge Genie Rogers on 11 August 1989. In September, 1989, plaintiff filed his Prehearing Statements and D.O.T. filed its Prehear- ing Statements including a Motion to Dismiss for Lack of Jurisdic- tion. No action was taken on the matter until 7 March 1990 at which point the matter was then assigned to Administrative Law Judge Brenda Becton. Following a pre-hearing telephone conference, D.O.T. amended and renewed its Motion to Dismiss. A hearing on the motion was held on 12 June 1990. On that same date, Ad- ministrative Law Judge Becton, relying primarily on *Batten v. N.C. Dept. of Correction*, 326 N.C. 338, 389 S.E.2d 35 (1990), deter- mined that the OAH did not have subject matter jurisdiction over the dispute. A final decision dismissing plaintiff's case for lack of jurisdiction was filed on 22 June 1990.

Plaintiff did not seek judicial review of Administrative Law Judge Becton's decision in Superior Court pursuant to N.C.G.S. § 150B-43; rather, he filed an action against D.O.T. in Ashe County Civil District Court on 12 September 1990. Plaintiff claimed that under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 *et seq.* (1978 & Supp. 1992), the North Carolina Wage and Hour Act, N.C.G.S. § 95-25.1 *et seq.* (1989), the State Personnel Act, N.C.G.S. § 126-1 (1991), and the Administrative Rules of the Office of State Personnel, 25 N.C.A.C. 1D, §§ 1924-1951 (1989), he was

entitled to the denied overtime compensation. On 11 October 1990, prior to filing an answer, D.O.T. filed a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, alleging that the applicable statute of limitation had run, thus barring the action. After a hearing on the motion, Judge Samuel L. Osborne found that the action was indeed time-barred, and granted D.O.T.'s motion. The order was filed on 17 April 1991. From this order, plaintiff gave a timely notice of appeal.

---

The issues presented are: (I) whether the affirmative defense of statute of limitation may be raised by a motion to dismiss under Rule 12(b)(6); (II) whether the federal Fair Labor Standards Act of 1938 (F.L.S.A.) statute of limitation preempts North Carolina's F.L.S.A. statute of limitation; and (III) if so, whether the federal statute of limitation is tolled while an aggrieved party pursues administrative remedies.

I

[1] Plaintiff contends that the statute of limitation defense can be raised in a Rule 12(b)(6) motion to dismiss only if the complaint discloses on its face that the claim is time barred and only if the motion expressly asserts as a basis for the dismissal that the claim is barred by the statute of limitation. We agree in part with plaintiff.

Absent a showing of prejudice, an affirmative defense may be raised by a Rule 12(b)(6) motion to dismiss. *Cf. County of Rutherford v. Whitener*, 100 N.C. App. 70, 74, 394 S.E.2d 263, 265 (1990) (permitting affirmative defense to be raised in a motion for summary judgment). Nevertheless, where an affirmative defense is raised for the first time in a motion to dismiss under Rule 12(b)(6), "the motion must ordinarily refer expressly to the affirmative defense relied upon." *Cf. Dickens v. Puryear*, 302 N.C. 437, 443, 276 S.E.2d 325, 329 (1981) (motion for summary judgment must ordinarily refer expressly to the affirmative defense relied upon); N.C.G.S. § 1A-1, Rule 7(b)(1) (1990) (motions must state grounds and relief sought); N.C.G.S. § 1A-1, Rule 8(c) (1990) (affirmative defenses must be pled with sufficient particularity so as to give notice to court and parties). However, where the non-movant "has not been surprised and has full opportunity to argue and present evidence" on the affirmative defense, the failure of the motion to expressly refer to the affirmative defense will not bar considera-

JOHNSON v. N.C. DEPT. OF TRANSPORTATION

[107 N.C. App. 63 (1992)]

tion of the defense by the trial court. *See Dickens, supra,* 302 N.C. at 443, 276 S.E.2d at 329 (failure to specifically allege defense of statute of limitation in a motion for summary judgment held not fatal to the motion). Once it is determined that the affirmative defense is properly before the trial court, dismissal under Rule 12(b)(6) on the grounds of the affirmative defense is proper if the complaint on its face reveals an "insurmountable bar" to recovery. *Johnson v. Bollinger,* 86 N.C. App. 1, 4, 356 S.E.2d 378, 380 (1987).

In the present action, D.O.T.'s motion to dismiss asserted as a basis for the motion, "that the complaint fails to state a claim for which relief can be granted." It did not contain any allegation that the claim was barred by the statute of limitation. However, the record does not reflect that plaintiff was "surprised" by D.O.T.'s utilization of the limitations defense. At the hearing, Judge Osborne, in reaching his decision, considered both the arguments of and authorities submitted by both parties relating to the limitations issue. Furthermore, the record does not reflect that plaintiff, at any time during the proceeding, objected to D.O.T.'s failure to specifically allege the statute of limitation in the motion. Therefore, the affirmative defense of statute of limitation was clearly before the trial court with the consent of both parties and the failure to assert the defense of statute of limitation in the motion was not fatal.

In determining whether the claims presented in the complaint are, on the face of the complaint, barred by the statute of limitation, we must first determine whether the state or federal statute of limitation applies. The federal statute provides that claims brought under the F.L.S.A. are governed by a two-year statute of limitation (three-year limitation if the underlying violation is willful). 29 U.S.C.A. § 255 (1985). The state statute provides that claims brought under the F.L.S.A. are governed by a three-year statute of limitation (regardless of whether the underlying violation is willful or not). N.C.G.S. § 1-52(11) (1983 & Supp. 1991).

II

[2] D.O.T. argues that the state statute is preempted by the federal statute and, therefore, the federal statute prevails. We agree. Acts of state legislatures which "interfere with, or are contrary to the law of Congress, made in pursuance of the constitution" must yield to the law of Congress. *Gibbons v. Ogden,* 22 U.S. (9 Wheat) 1, 210 (1824). Generally, however, courts will not infer preemption

unless it is the clear purpose of Congress. *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230, 91 L.Ed. 1447, 1459 (1947). The purpose of preemption may be discerned from an explicit or implicit congressional intent. *Cipollone v. Liggett Group, Inc.*, No. 90-1038, 1992 WL 138529, 7 (U.S. June 24, 1992). If a federal statute contains no explicit language of preemption, "state law is preempted if that law actually conflicts with federal law . . . or if federal law so thoroughly occupies a legislative field." *Id.* at 7 (citations omitted). Such an "actual conflict" exists "where compliance with both is a literal impossibility." Lawrence H. Tribe, American Constitutional Law § 6-26, at 481 (2d ed. 1988).

The F.L.S.A. was promulgated by Congress in 1938. 29 U.S.C.A. § 201 *et seq.* (1978 & Supp. 1992). In 1941 the United States Supreme Court held that the F.L.S.A. was a valid exercise of the power of Congress to regulate interstate commerce pursuant to the Commerce Clause of the federal Constitution. *United States v. Darby*, 312 U.S. 100, 85 L.Ed. 609 (1941); U.S. Const. art. I, § 8, cl. 3. In that the original F.L.S.A. did not contain any statute of limitation for the filing of claims brought under it, in 1945 North Carolina promulgated a state statute establishing a statute of limitation at three years. N.C.G.S. § 1-52(11) (1983 & Supp. 1991). In 1947 Congress amended the F.L.S.A. to include a two-year limitations period. 29 U.S.C.A. § 255 (1985).

Because the F.L.S.A. has been duly adopted by Congress and because it was enacted pursuant to the Commerce Clause of the federal Constitution, any state law promulgated in conflict with it must yield under the force of the Supremacy Clause. U.S. Const. art. VI, § 2. In that the state three-year statute of limitation directly conflicts with the federal two-year statute of limitation, the federal statute must prevail. Furthermore, the federal statute of limitation reflects a purpose and objective of Congress to establish a uniform, two-year limitations period governing all claims filed pursuant to the F.L.S.A. H.R. Rep. No. 7, 80th Cong., 1st Sess. 5 (1947). North Carolina's three-year statute of limitation, therefore, "stands as an obstacle to the accomplishment and execution" of this purpose and objective. *See Hines v. Davidowitz*, 312 U.S. 52, 67, 85 L.Ed. 581, 587 (1941).

Within the structure of the statute itself, Congress further revealed its intent that the federal act prevail against all state statutes. *See Cipollone, supra*, at 7 (congressional intent, an integral

part of preemption analysis, may be "implicitly contained in [a statute's] structure and purpose"). In Section 255, Congress distinguished between actions brought before 14 May 1947 (the date of enactment) and those brought after. 29 U.S.C.A. § 255 (1985). For causes of action accruing prior to that date, the action was to be governed by either the federal statute of limitation or the applicable state statute of limitations, whichever was shorter. 29 U.S.C.A. § 255(b), (c) (1985). For causes of action accruing after 14 May 1947, however, the action is to be governed by the federal two-year statute of limitation, and no mention is made of applying state limitations periods. 29 U.S.C.A. § 255(a) (1985). Furthermore, where Congress intended for the states to exercise some discretion as regards the F.L.S.A., it expressly stated as much. *See, e.g.,* 29 U.S.C.A. § 218 (1985) (savings clause allowing the state to require higher minimum wages and lower work weeks than those set by Congress).

For the foregoing reasons, N.C.G.S. § 1-52(11) is invalid under the force of the Supremacy Clause, and the federal two-year statute of limitation is the applicable statute. *Accord, Williams v. Speedster, Inc.,* 485 P.2d 728 (Col. 1971); *Kendall v. Keith Furnace Co.,* 162 F.2d 1002 (8th Cir. 1947); *Bartels v. Piel Brothers,* 74 F. Supp. 41 (E.D.N.Y. 1947).

There being no allegation of wilful misconduct, the complaint on its face reveals that plaintiff's claims are time-barred under the federal two-year statute of limitation. Under the F.L.S.A., the statute of limitation begins to accrue on the date of the alleged violation(s). *Unexcelled Chemical Corp. v. United States,* 345 U.S. 59, 97 L.Ed. 821 (1953). The plaintiff incurred the claimed overtime between 12 May 1986 and 16 April 1987. Therefore, plaintiff's cause of action began to accrue, and the statute of limitation began to run, at the latest, in April, 1987 (or the latest pay day thereafter). The complaint was not filed until 12 September 1990, more than two years after the date of the accrual of the action.

### III

[3] The plaintiff, acknowledging that the complaint on its face shows that the claims were filed more than two years after their accrual, argues that the claims are not time barred because the pursuit of administrative remedies tolled the running of the statute of limitation. We disagree.

Under the F.L.S.A., only the filing of the complaint in a court will serve to toll the statute of limitation. 29 U.S.C.A. § 256 (1985) (action considered commenced when complaint is filed). Inasmuch as a civil action may be instituted directly against any employer (including a state agency), 29 U.S.C.A. § 216(b) (Supp. 1992), there is no obligation on the claimant to pursue any administrative remedy prior to resorting to the jurisdiction of the courts. *See* 29 U.S.C.A. § 201 *et seq.* (1978 & Supp. 1992). Accordingly, plaintiff's pursuit of administrative remedies did not toll the running of the statute of limitation. *Accord, Unexcelled, supra,* 345 U.S. at 65-66, 97 L.Ed. at 827-28; *O'Connell v. Champion Int'l Corp.,* 812 F.2d 393 (8th Cir. 1987); *Ott v. Midland-Ross Corp.,* 523 F.2d 1367 (6th Cir. 1975); *United States v. Winegar,* 254 F.2d 693 (10th Cir. 1958); *Smith v. H.B. Allsup & Sons, Inc.,* 718 F. Supp. 21 (S.D. Miss. 1989); *Erickson v. New York Law School,* 585 F. Supp. 209 (S.D.N.Y. 1984); *Aguilar v. Clayton,* 452 F. Supp. 896 (E.D. Okla. 1978). Therefore, plaintiff's claims are, on the face of the complaint, time-barred.

[4-6] We now turn to plaintiff's remaining claims. Plaintiff's claim that the State Wage and Hour Act, N.C.G.S. § 95-25.1 *et seq.,* affords him the remedy sought is unpersuasive inasmuch as the statute expressly exempts "any State or local agency" from its overtime compensation provisions. N.C.G.S. § 95-25.14(d) (1989). Plaintiff's claim that the State Personnel Act, N.C.G.S. § 126-1 *et seq.,* affords him the remedy sought is also unpersuasive. The State Personnel Act provides for administrative-type grievance procedures for violations of its provisions. N.C.G.S. § 126-34 (1991); *Batten, supra.* The statute further provides that judicial review of unfavorable decisions may be had in superior court. N.C.G.S. § 126-37 (1991). Where a statute provides for "an orderly procedure for an appeal to the superior court for review . . . this procedure is the exclusive means for obtaining judicial review," and a civil action is only proper after all administrative remedies have been exhausted. *State v. House of Raeford Farms,* 101 N.C. App. 433, 442, 400 S.E.2d 107, 113 (1991). Because plaintiff failed to seek review of Administrative Law Judge Becton's decision in superior court, he failed to exhaust the remedies provided by statute, and is therefore barred from pursuing this claim in court. Lastly, the applicable provisions of the N.C. Administrative Code do not provide plaintiff with the relief he seeks inasmuch as they simply set forth agency guidelines and rules, and do not confer any right

of action in the courts for the payment of overtime wages. *See* 25 N.C.A.C. 1D, §§ 1924-1951 (1989).

For the foregoing reasons, the trial court's order of dismissal is

Affirmed.

Judges PARKER and COZORT concur.