Kimberly K. PARKER, Appellant–
Plaintiff,

v.

**SCHILLI TRANSPORTATION,**
Appellee–Defendant.

No. 49A02–9512–CV–724.

Court of Appeals of Indiana.

Feb. 20, 1997.

Gordon B. Dempsey, P.C., Indianapolis, for Appellant–Plaintiff.

Christopher D. Seigel, Indianapolis, for Appellee–Defendant.

## OPINION

FRIEDLANDER, Judge.

Kimberly Parker appeals the denial of her motion to correct errors following a grant of a partial summary judgment. Parker presents the following restated issues:

1. Did the trial court err in determining that Parker's claim under the federal Fair Labor Standards Act was barred by a two-year statute of limitations?

2. Did the trial court err in determining that Parker's claim under the Indiana Minimum Wage Law was barred because the statute was not applicable, or because the federal statute of limitations preempted the state statute's period of limitations?

Schilli Transportation Services raises the following restated issue in the Appellee's Brief:

3. Did failure to serve the trial judge a copy of the motion to correct errors result in waiver of the right to appeal denial of a motion to correct errors?

We affirm in part, reverse in part, and remand.

The facts most favorable to Parker, the non-movant, are that approximately in May, 1988, Atlantic Inland Carriers, Inc.[1] (Atlantic) hired Parker as a receptionist at an hourly wage rate. In July, 1988, Parker was promoted to the salaried position of driver-manager, where, in performing her duties, she exercised authority over many areas of driver employment, including scheduling and routing. The president of Atlantic, after consulting with corporate counsel and reviewing the applicable law, determined that driver-managers were exempt from the Fair Labor Standard Act's (the Labor Act) overtime requirements.[2]

Parker was on vacation leave from July 26 to July 30, 1989, and her employment was terminated on the day she returned, July 31, 1989. It is disputed as to whether Parker received her final paycheck prior to July 26, or after July 31, 1989.

On July 26, 1991, Parker brought this two-count suit, alleging that as driver-manager she worked overtime hours for which Atlantic failed to compensate her. Parker brought Count I pursuant to the Labor Act, claiming damages among which include overtime wages and attorney fees. Parker appears to argue that every paycheck that she received as a driver-manager, dating back to approximately July, 1988, violated the Labor Act because each check did not include compensation for overtime worked during that pay period. In Count II, Parker claims entitlement to the same relief pursuant to Ind.Code Ann. § 22–2–2 *et seq.* (West 1991 and Supp. 1996), Indiana's Minimum Wage Law (Wage Law). The trial court granted Atlantic's motion for partial summary judgment as to both

---

1. Parker argues that Atlantic is wholly owned by Schilli Transportation Services, Inc., while the appellees assert that Atlantic was not Parker's employer and that the two companies are wholly separate entities. We treat each similarly for purposes of this appeal.

2. The Labor Act exempts from its overtime requirements "any employee employed in a bona fide executive, administrative, or professional capacity...." 29 U.S.C.A. § 213(a)(1). (West Supp.1996).

counts.[3] Parker filed a motion to correct errors under Ind.Rules of Procedure, Trial Rule 59, which the trial court denied.

### 1.

Parker maintains that the trial court erred in granting summary judgment on the issue of whether her claim for overtime compensation, raised under the Labor Act,[4] was barred by a two-year statute of limitations.

■ To warrant summary judgment, the evidence must establish that there exists no designated issue of material fact and that the movant is entitled to judgment as a matter of law. T.R. 56(C); *Mayhue v. Sparkman,* 653 N.E.2d 1384 (Ind.1995). For summary judgment purposes, a fact is deemed "material" if it helps ultimately resolve relevant issues. *Fortmeyer v. Summit Bank,* 565 N.E.2d 1118 (Ind.Ct.App.1991). When reviewing a grant of summary judgment, we liberally construe all pleadings, affidavits, and testimony in the light most favorable to the non-moving party to ensure that the non-movant has not been improperly denied his or her day in court. *Mortgage Consultants, Inc. v. Mahaney,* 655 N.E.2d 493 (Ind.1995). Even if we believe the non-movant party will be unsuccessful at trial, summary judgment should be denied where material facts conflict or undisputed facts lead to conflicting inferences. *Id.*

The Labor Act provides a two-year statute of limitations and, under certain circumstances, a three-year statute of limitations:

Any action ... to enforce any cause of action for unpaid minimum wages, overtime compensation, or liquidated damages under the Fair Labor Standards Act....

(a) [M]ay be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced

within three years after the cause of action accrued....

29 U.S.C.A. § 255 (West 1985).

■ In an overtime wage claim, the two-year statute of limitations applies when there is no allegation that the defendant committed a willful violation, rather than the three-year statute of limitations period which is applicable to charges of willful misconduct. *Johnson v. North Carolina Dept. of Transp.,* 107 N.C.App. 63, 418 S.E.2d 700 (1992). An action is "willful" if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [Labor Act]." *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988). In other words, an action will *not* be deemed willful when an employer acts either reasonably or unreasonably, but not recklessly, in deciding its legal obligations. *McIntyre v. Div. of Youth Rehab. Servs.,* 795 F.Supp. 668 (D.Del.1992). A defendant who consults with its attorney and examines relevant legal material is deemed to have acted reasonably, rather than recklessly, and in a·good-faith manner in attempting to decide whether its plan would violate the Labor Act. *Halferty v. Pulse Drug Co. Inc.,* 826 F.2d 2 (5th Cir.1987).

■ Parker's arguments are not readily visible and this court has had difficulty extrapolating her positions. However, to the extent the arguments are discernable, Parker argues that the driver-manager position is not exempt from the Labor Act's overtime compensation requirements and she suggests that Atlantic's decision to treat it as such was a willful violation of the statute. The president of Atlantic made the determination that driver-managers were exempt from the Labor Act's overtime requirement only after consulting with attorneys and reviewing the relevant law. Additionally, Parker testified that she had no basis for disputing Atlantic's belief that driver-managers were exempt employees:

Q. Do you have any facts that indicate A[tlantic] did not genuinely believe

---

**3.** A Count III was dismissed by stipulation of the parties.

**4.** 29 U.S.C.A. § 201 *et seq.* (West 1978 and 1985).

that driver managers were supervisors?

A. I don't know.

Q. You possess no facts?

A. I possess no facts.

*Record* at 48.

Because Atlantic acted reasonably and in good faith in attempting to determine whether its plan would violate the Labor Act, the two-year statute of limitations was applicable to Parker's federal claim.

■ We next address the questions of when the statute of limitations commenced, and for which violations, if any, was recovery appropriate. Parker apparently argues that each paycheck she received as a driver-manager, which date back to July 1988, resulted in a violation of the Labor Act because each check did not include compensation for overtime worked during that pay period.

There is an important legal distinction between single statutory violations and continuing violations. *Hendrix v. City of Yazoo City, Miss.*, 911 F.2d 1102 (5th Cir.1990). The continuing-violation doctrine encompasses two categories of cases:

The first includes cases in which the original violation occurred outside the statute of limitations, but is closely related to other violations that are not time-barred. In such cases, recovery may be had for all violations, on the theory that they are part of one, continuing violation.

The second type of continuing violation is one in which an initial violation, outside the statute of limitations, is repeated later; in this case, each violation begins the limitation period anew, and recovery may be had for at least those violations that occurred within the period of limitations.

*Id.* at 1103.

Parker argues that her claims fall within the first type of continuing violations and, therefore, none of her claims are time-barred. While her contentions in this regard are less than clear, she apparently asserts a three-pronged argument: 1) the statute of limitations commenced on the day that she was fired, July 31, 1989; 2) the original violation was committed with her first paycheck as a driver-manager, approximately July, 1988, which occurred outside the two-year statute of limitations; and 3) all subsequent paychecks are closely related, including the last paycheck which Parker claims she received sometime after July 31, 1989. Therefore, Parker argues that the post-July 31, 1989 paycheck violation is not time-barred and, as a result, all other paycheck violations are not time-barred.

■ The regulations interpreting the Labor Act, and the caselaw interpreting those regulations, provide that claims for unpaid overtime wages fall within the second category of continuing violation. The regulations, which are promulgated by the Department of Labor to interpret the Act, provide:

The courts have held that a cause of action under the Fair Labor Standards Act for unpaid minimum wages or unpaid overtime compensation and for liquidated damages "accrues" when the employer fails to pay the required compensation for any workweek at the regular pay day of the period in which the workweek ends.

29 C.F.R. § 790.21. "The Department of Labor's regulations interpreting the Act are 'entitled to considerable weight in construing the Act'". *Joles v. Johnson County Youth Serv. Bureau, Inc.*, 885 F.Supp. 1169, 1174 n. 1 (S.D.Ind.1995) (quoting *Tony and Susan Alamo Found. v. Secretary of Labor*, 471 U.S. 290, 297, 105 S.Ct. 1953, 1959, 85 L.Ed.2d 278 (1985)). This regulation was explained by the court in *Knight v. Columbus, Ga.,* 19 F.3d 579, 582 (11th Cir.1994):

[T]his case involves a series of repeated violations of an identical nature [failure to pay overtime]. Because each violation gives rise to a new cause of action, each failure to pay overtime begins a new statute of limitations period as to that particular event. Thus, the [plaintiffs] have a non-barred cause of action with respect to any claims (i.e. any paychecks which omitted pay for overtime worked) that accrued within two years ... of the date *the complaint was filed.*

(Emphasis added.) Therefore, there is a separate and distinct cause of action for each pay period which accrues at the end of each pay period in which the overtime payments

are not made. Further, the limitations period covers a two year period that ends the day the complaint is filed and extends back two years.

Parker filed her complaint on July 26, 1991. The two-year period of limitations allows her to assert only those claims for alleged overtime payments which came due on a pay day and were not paid during the two-year period prior to the filing of the complaint. Therefore, all claims that accrued before July 26, 1989 are time-barred.

■ Parker argues that the last paycheck violated the Labor Act because it did not include compensation for overtime hours which Parker incurred during the relevant pay period. Additionally, Parker argues she received her last paycheck sometime after July 31, 1989, while Atlantic asserts that it was delivered prior to July 26, 1989.

The date the last paycheck was received is material because it helps to ultimately resolve whether Parker's claim regarding her last paycheck violation is time-barred. The evidence, construed liberally and in the light most favorable to Parker, establishes that there exists a genuine issue of material fact in this regard. Therefore, the trial court improperly granted summary judgement as to all claims encompassed by Count I. Accordingly, the grant of summary judgment to claims accruing prior to July 26, 1989 is affirmed while summary judgment regarding the claim based upon the last paycheck is reversed and remanded.

2.

■ Parker further argues that the trial court erred in granting summary judgment on the issue of whether her claim for compensation for overtime work, under the Wage Law, was barred either by the statute's period of limitations or, alternatively, because the statute is not applicable. We will address only the applicability of the statute because that issue is dispositive.

IC § 22-2-2-3 specifies which employers are subject to the Wage Law:

Employer ... shall not include any *employer* who is *subject to* the minimum wage provisions of the federal *Fair Labor Standards Act*....

(Emphasis added.)

■ An employer subject to the Labor Act "includes any *person* acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C.A. § 203(d) (West 1978). "Person means [a] ... corporation...." 29 U.S.C.A. § 203(a) (West 1978). When a court determines whether an employment relationship under the Act existed, it primarily considers if the alleged employer possessed four nonexclusive powers, which are the power to hire and fire employees, to supervise and control employees' work schedules or conditions of employment, to determine rate and method of payment, and to maintain employment records. *Keenan v. Allan,* 889 F.Supp. 1320 (E.D.Wash.1995).

Not only does Parker not dispute that Atlantic was her employer, but the facts most favorable to Parker establish that Atlantic had the power to hire and fire Parker, to supervise her work schedule, and to determine the rate and method of payment. Further, Parker asserts that "plaintiff and both defendants ... are covered by the Fair Labor Standards Act." Record at 7. Therefore, because Atlantic was an employer within the meaning of the Labor Act and is subject to that statute, it is not an "employer" for purposes of the Wage Law, and Parker's claim under Count II fails.

■ Parker suggests that even if, at first blush, her claim does not fall under the scope of the Wage Law, because the Labor Act's statute of limitations has run, the claim should be covered by the state statute. In other words, Parker requests that we extend the scope of the Wage Law to include claims for overtime compensation. Our research does not reveal any Indiana case addressing this issue. Therefore, the question of whether the Minimum Wage Law should cover overtime compensation claims is a question of first impression in Indiana.

We may examine other states' resolution of the issue for guidance because it has not yet been addressed by Indiana courts. Other states have consistently held that the federal

statute provides the exclusive remedy for enforcing rights created under the Labor Act. *Tombrello v. USX Corp.*, 763 F.Supp. 541 (N.D.Ala.1991); *See also Nettles v. Techplan Corp.*, 704 F.Supp. 95 (D.S.C.1988); *Lerwill v. Inflight Motion Pictures, Inc.*, 343 F.Supp. 1027 (N.D.Cal.1972). Simply stated, "[a]s a matter of law, plaintiff cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims in addition to [the Labor Act's] claim." *Tombrello*, 763 F.Supp. at 542. We find this view persuasive and extending the scope of the Wage Law would, in essence, provide a windfall for Parker after she failed to file during the relevant statute of limitations.

In addition to the viewpoints of other states, we find it instructive to examine the policy of the Wage Law. The purpose of the statute is to eliminate wages that are insufficient to provide adequate maintenance for employees and their families. The Wage Law does not seek to mandate overtime compensation amounts. *See* I.C. § 22–2–2–2. To extend the scope of the Wage Law to cover overtime compensation claims would not be consistent with sound public policy, nor should the Court invade the appropriate province of the legislature.

Thus, we conclude that, in Indiana, claims for overtime compensation cannot be raised under the Wage Law and that the Labor Act is the exclusive remedy for enforcing rights created under that federal statute. The trial court did commit reversible error when it granted summary judgment as to Count II because the evidence did not establish an issue of material fact.

3.

Atlantic contends that Parker waived the right of appeal by failure to serve the trial judge with a copy of the motion to correct errors.[5]

Despite Parker's failure to fully comply with T.R. 59(C), the right to appeal the denial of a motion to correct errors was not waived. *See Rasp v. Hidden Valley Lake*, 487 N.E.2d 1338 (Ind.Ct.App.1986), *rev'd on other grounds*, 519 N.E.2d 153 (1988). More-

over, Parker is actually challenging the grant of summary judgment and we will treat this appeal as such.

Judgment affirmed in part, reversed in part, and remanded.

KIRSCH, J., concurs.

GARRARD, J., concurs with separate opinion.

GARRARD, Judge, concurring.

I concur with the majority except its dictum about "extending" the scope of the Indiana Minimum Wage Law. To the extent that the issue is whether the Indiana law makes provision for some form of premium pay for hours worked past a certain maximum number of hours per day or per week, the answer is simple. It does not.

The law does, of course, provide a minimum hourly rate for workers covered by the Act. As the majority correctly points out, Parker was not covered by the Act.

---

5. "A copy of the motion to correct error shall be served, when filed, upon the judge before whom the case is pending pursuant to Trial Rule 5." T.R. 59(C).